## SUPREME COURT.

### EDWARD T. SCHENCK agt. GEORGE McKIE.

Where the service of a paper is made by mail, in pursuance of § 410 of the Code of Procedure, it must be deposited in the post office at the *residence of the attorney making the service*, addressed to the person on whom it is served, at his place of residence, and the postage paid.

When the paper is thus deposited in the proper post office, correctly addressed, and the postage paid, the service is deemed complete, and the party to whom it is addressed takes the risk of the failure of the mail.

A paper deposited by an agent of the attorney making the service, in a post office in a different town from that in which the attorney resides, is not a good service except from the time it is actually received.

An order from a county judge, staying proceedings, with a view to a motion to change the place of trial, does not, by the 47th rule, prevent the plaintiff from entering judgment unless there is some special clause to that effect.

A motion to change the place of trial may be made *before* issue has been joined in the cause. (See *Myers* v. *Feeter, ante*, p. 240.)

The case of *Barnard et al.* v. *Wheeler et al.* 3 Howard Pr. R. 73, and *Lynch* v. *Mosher*, 4 id. 86, cited and explained.

*Washington Special Term, Dec.* 1849.—WILLARD, Justice. A motion is made on the part of the defendant to set aside a judgment by default, entered by the plaintiff in the Montgomery clerk's office, on the 29th October last. The defendant contends that the judgment was irregularly entered.

The first point to be determined on the question of regularity is, when the summons and complaint were served. Mr. Ingalls, the defendant's attorney, swears that the summons and complaint were brought to him by the defendant on the 21st September last, and that McKie informed him that they were served on the 19th September. The attorney does not swear to his belief of the truth of this information; and McKie, the defendant, although he has made an affidavit in the cause, is entirely silent

as to when those papers were served on him. The complainant swears positively that they were served by the sheriff of Washington county, on the 18th day of September. This, therefore, must be taken as the true day when the summons and complaint were served. The time to answer would expire on the 8th October, and on the 1st October, Judge Parker granted an order allowing twenty days *additional time* to prepare and serve an answer. This time would expire on the 28th October, and a judgment could be regularly entered on the 29th October. The plaintiff swears that when the judgment was entered, no answer had been received, and that none was received until the 31st October, when it was immediately returned.

The defendant insists that the answer was served in time, and the judgment irregularly entered, on the following grounds: 1st, as to service of the answer. It appears by the affidavits that the plaintiff, who is an attorney and conducts this action in person, resides in Fonda, Montgomery county, and Mr. Ingalls, the defendant's attorney, resides in Greenwich, Washington county. On the 26th October, the answer was prepared and sent by the defendant's attorney to the residence of his client in Cambridge, about twelve miles from Greenwich. The defendant being absent about fourteen or fifteen miles from home, the papers were left with his family. On his return home, the defendant swore to the answer before Mr. Crocker, in Cambridge; and the latter gentleman, on the same 26th October, folded the answer and affidavit in the form of a letter, and legibly directed it to the plaintiff at Fonda, and paid the postage from Cambridge, in which office he deposited it, to Fonda. The plaintiff admits that he received it on the 31st October, and not before; and the question is, whether the service was a good service on the 26th October, when it was deposited in the Cambridge office.

The 410th section of the code enacts that service by mail may be made, *when the person making the service and the person on whom it is to be made*, reside in different places, between which there is a regular communication by mail. "The person making the service," is the attorney on whose behalf it is done, and not an intermediate agent employed by him; were it otherwise, the attorney might employ an agent, living in a district, visited only by a weekly mail, and thus prolong the time for answering. This section of the code was adopted from the former practice. (See rule 7 of the old law rules.) The language of the rule was, that service by mail should be good in all cases where *the attorneys reside in different places*, between which there is a communication by mail. In one respect the code is more stringent than the rule, as it requires that

there should be a *regular* communication by mail between the two places, in order to make service available. It does not appear that there was a *regular communication* by mail between Cambridge, where the answer was mailed, and Fonda, where the plaintiff resided; or that there was any mail communication between them. If this answer had been mailed by the attorney at Greenwich, his place of business, addressed to the plaintiff at Fonda, and the postage paid, *Brown* v. *Briggs*, 1 Howard S. T. R. 152, is an authority to show that the service would be esteemed a good service on that day. Where the service by mail is regular, it seems the party to whom the paper is addressed takes the risk of the failure of the mail. (See *Radcliff* v. *Van Benthuysen*, 3 How. S. T. R. 67.) He has a right, therefore, to insist that it shall be sent from the post office of the attorney, by whom the service is sought to be made—*Corning* v. *Gilman*, 1 Barb. Ch. Rep. 649, is in point. I think the service was not regular, and as it did not arrive until after the judgment, the plaintiff had a right to disregard it.

2d. It is urged that the judgment was irregularly entered, because it was entered in defiance of the order of Judge Lee, county judge of Washington county. It appears that on the 10th October, Judge Lee granted an order staying all proceedings on the part of the plaintiff until the decision of the Supreme Court on the motion, then noticed to be heard before Judge Willard, at his chambers, for the 30th October, to change the place of trial. This was served on the plaintiff on the 17th October, but was disregarded by him. It is plain by § 401, *et seq.* of the code, that the judge had no jurisdiction of the motion, at chambers, and consequently the order to stay proceedings for that purpose was void. It appeared on its face to be a nullity. An order was never a stay of proceedings unless accompanied with a notice of motion. But the notice of motion, to be of any efficacy to uphold the order, must be to a court having jurisdiction of the matter. Again, the 47th rule allowed the plaintiff to proceed to judgment unless the order specially directed otherwise.

On the whole, I think the judgment was regularly entered. But as the defendant swears to merits, he must be let in upon terms.

The judgment must be set aside on the payment of ten dollars' costs.

The defendant has connected with the motion to set aside the judgment, a motion to change the place of trial from the county of Montgomery, where the plaintiff resides, and which he has designated as the place of trial, to the county of Washington, where the defendant resides. The professed object of this motion is for the accommodation of the parties and their witnesses, as the cause of action is not in itself local, but transitory.

A preliminary objection is made to the motion, on the ground that the cause is not at issue. It is insisted that the court cannot entertain a motion to change the place of trial until after an issue joined in the cause. There is a *dictum* to that effect by HARRIS, Justice, in *Barnard et al.* v. *Wheeler et al.* 3 Howard Pr. R. 73. And it was observed by SILL, J., in *Lynch* v. *Mosher*, 4 Howard Pr. R. 86, that such motion, under the code, need not be made until *after* issue. In neither case, however, was the precise question now presented, necessarily involved, or in fact decided.

Under the former practice, a motion to change the venue, which was the same as the present motion to change the place of trial, was in general required to be made before plea pleaded, but was sometimes allowed after issue, when no trial had been lost. (1 Dunlap, 412.) The practice prior to, and under the Revised Statutes, is fully stated, and the cases are well collected in a note by the reporter to *Britain* v. *Peabody*, 4 Hill, 62, &c. Unless that practice has been changed by the Judiciary Act of 1847, or by the Code of Procedure, it is still regular to move to change the place of trial before issue, It is clear that the justices who revised the rules, in August 1849, in order to adapt them to the code, were of opinion that the former practice in this respect remained unchanged. (Rule 47.)

The 125th section of the code, relates solely to transitory actions, of which the present action is one, and it provides that they shall be tried in the county in which the parties or any of them shall reside, at the commencement of the action ; or if none of the parties shall reside in the state, the same may be tried in any county which the plaintiff shall designate in his complaint, *subject, however, to the power of the court to change the place of trial, in the cases provided by statute.* There are no statutes on this subject but the Revised Statutes and the Judiciary Act, to which the code can refer. The Revised Statutes enacted the practice as it was at that time settled by the courts in transitory actions, without essential alteration. They required the issue in such actions to be tried in the county where the venue should be laid, unless the court should deem it necessary for *the convenience of parties and their witnesses*, or for the purposes of a *fair and impartial trial* to order such issue to be tried in some other county ; in which case the same should be tried in the county so designated. And the 49th section of the Judiciary Act authorized this court to order an issue of fact joined in any suit, to be tried in any other county, on good cause shown therefor, and on such terms, and under such rules and regulations as the said court should prescribe. It is argued that because the Judiciary Act (L. of 1847, p. 333, § 49) uses the

expression "issue of fact joined," when authorizing this court to direct it to be tried in some other county; and because the Revised Statutes say that *issues of fact joined* shall be tried in the proper county,&c. (2 R. S. 409, § 1, 2;) therefore, the motion to change the place of trial cannot be made, until issue is in fact joined. But this argument, if it proves anything, proves too much. The act of 1786, entitled an act for regulating trials of issues, &c. (1 Green. Ed. 261, ch. 41,) enacts " that *all issues joined or hereafter to be joined* in the Supreme Court, &c. &c., shall be tried in the proper counties where the lands, tenements or hereditaments in demand or question, shall be situated, or the cause of action, suit, controversy or offence shall arise or be committed," &c., and the same phraseology is substantially retained in the act of 1813. (1 R. L. 325, § 1) The power of the court over the place of trial was an incident of its general jurisdiction, and was exercised for the advancement of justice, and the convenience of suitors and witnesses. The Revised Statutes neither increased or diminished it, but speak of it as an existing and well-known power. And the practice under the Revised Statutes continued the same as before, down to the present day. There is no absurdity in making the order for the trial of an issue of fact, in a particular country, before the issue is framed. It cannot be tried until after it is joined. But it can be known by the defendant as well *before*, as *after* issue, what facts will be material for him to prove on the trial. He knows what facts in the complaint he intends to controvert and what he expects to set up in his answer; and the affidavits on which his motion is founded, must disclose those facts to the adverse party. (See Rules 47 and 48; *Lee* v. *Chapman,* 11 Wend, 186.) The fair construction of the statute is, that the issue when joined, shall be tried, &c., although the order to change the place of trial may be made as soon as the plaintiff has indicated in the complaint the county he prefers for that purpose, and before such issue is joined. I do not perceive any reason, under the present system of pleading, for postponing the motion until after issue, which was not equally operative under the former system. There is precisely the same reason now as formerly, for requiring the motion to be made *before* issue, in order to prevent delay, and it cannot be made unless the defendant swears to merits. It is a fact of some significancy, that the commissioners of the code, have introduced and disposed of this subject, as a proceeding before issue. If it had been a matter which did not arise until after issue, would not an orderly disposition of the subject require that it should not be provided for until after they had treated of the several kinds of issues? I am satisfied that neither the Judiciary Act nor the code has limited the power of this court over the place

of trial in transitory actions, but that it remains substantially as before. (See Monell's Practice, 34.)

The motion, therefore, will not be denied upon the preliminary objection, but will be heard on its merits.

I have carefully read the numerous affidavits on the part of the defendant, and the affidavits in opposition, and am of opinion that there is no sufficient reason for changing the place of trial from Montgomery county, where it is laid, to the county of Washington.

The motion, therefore, must be denied, with ten dollars costs.