## SUPREME COURT.

### WILLIAM J. HURD agt. JAMES T. DAVIS.

An attorney, or a party, having fixed his place of *residence*, for the purposes of the action, in the manner prescribed by the rule, (5,) *service by mail* can *only* be made *by him, at the place thus indicated;* and the opposite party can only make service upon him *by mail*, by addressing him at that place.

*Albany Special Term, July*, 1856.

MOTION to set aside judgment, &c., for irregularity.

The suit was commenced by the service of a summons. On the 18th of March, 1856, the defendant served on the plaintiff's attorney a notice of appearance, and a demand that a copy of the complaint be served on him "at the White Lake post-office, in the county of Sullivan." A copy of the complaint was served on the defendant personally at White Lake the next day. On the 9th of April, the plaintiff's attorney entered judgment for want of an answer. On the 8th day of April, which was the last day for serving an answer, the defendant mailed a

copy of his answer in the city of New-York, addressed to the plaintiff's attorney, who resided at Monticello, in the county of Sullivan. The defendant swears that his place of business was New-York at the time. The answer thus served was not received by the plaintiff's attorney until after judgment had been entered. The defendant moved to set aside the judgment for irregularity, and also upon an affidavit of merits.

CLARK B. COCHRAN, *for plaintiff.*

JEREMIAH ROMEYN, *for defendant.*

HARRIS, Justice. The defendant supposes that his answer was regularly served on the 8th of April, by mailing it in New-York, that being his place of business. In this he is mistaken. The 410th section of the Code authorizes service of papers to be made by mail, when the party making the service resides in a different place from the party upon whom the service is to be made, and there is a regular communication by mail between the two places. The fair import of this provision is, that, in the case mentioned, the party making the service may mail the papers to be served at his own place of residence, addressed to the party upon whom service is to be made at his place of residence. But it is obvious that in very many cases it might be difficult to determine the question of residence. To remedy this inconvenience, the 5th rule was adopted. By this, every attorney and every party prosecuting or defending in person, is required, for himself, to specify his place of residence, and thus apprise the opposite party in the action where he will serve and where he will receive his papers. It is under this rule that attorneys residing in one place, but doing business in another, as is often the case, particularly in the city of New-York, serve and receive papers at their place of business.

An attorney, or a party, having fixed his place of residence, for the purposes of the action, in the manner prescribed by the rule, service by mail can only be made by him at the place thus indicated, and the opposite party can only make service upon him by mail by addressing him at that place.

In this case, the defendant had specified *White Lake* as his residence. It was there only that he could regularly mail his answer so as to make the act of mailing a regular service. He chose to mail it in the city of New-York. By doing so, he took the risk of having it reach the plaintiff's attorney before the time for answering expired. It was not a service by mail. Had it, in fact, reached the attorney in time, it might have been treated as a good personal service from that time. It did not. The judgment was, therefore, regularly entered. But as the defendant has also asked the liberty of interposing his defence upon the merits, the answer already served may be permitted to stand for that purpose, and the issue may be referred to S. V. R. Ludington, Esq., upon the payment of the costs of opposing this motion.

All proceedings upon the judgment to be stayed until the further order of the court.