Churchill, J.
March 8, 1887, the summons and complaint in this action were served personally on the defendant. March 28, defendant’s attorney deposited in the post office at Rome a copy of the defendant’s answer, properly enclosed, prepaid and directed to plaintiff’s attorney at Rome. Both attorneys resided and had their law offices in Rome. Plaintiff’s attorney received the answer through the post office on the afternoon of the twenty-ninth, and immediately returned it, with a notice endorsed that such service by mail was not permitted by the Code, and on the same day he entered judgment as by default against defendant.
The only question submitted in this motion is whether *767 service through the post office is regular, when the person making the service and the person to be served both reside in the same place.
By the old practice, service through the post office was not good service, but if the paper was actually received in time by the person to whom it was sent, it was held good as of the day when received. Hudson v. Henry, 1 Caine’s Rep., 67; Stafford v. Cole, 1 Johns. Ca., 413; Graham’s Pr. (2d ed., 1836), 712.
About 1840, a rule of court was adopted (rule 7, old law rules), which provided that service of papers by mail should be good in all cases where the attorneys resided in different places, between which there was a communication by mail. Under this rule the deposit in the post office, in conformity with the rule, was held to be good service, whether the Saper was received or not. Brown v. Briggs, 1 How. Pr. Rep., 152.
The Code of Procedure adopted the language of the rule, with a single modification, requiring that there should bo a regular communication by mail between the two places. Code of Procedure, § 410; Schenke v. McKee, 4 How. Pr. Rep., 246.
So long as the Code of Procedure was in force, service by mail could not be made when the party serving and the party to be served wero residents of the same place.
The commissioners by whom the present Code of Civil Procedure was prepared, in their first draft, submitted to the legislature in 1873, retained section 410 of the former Code, but in a note appended to it they recommended such modifications as would do away with the restrictions which it imposed on post office service. The commissioners say in their note: “Are relics of tho past which should be swept away as similar restrictions upon service of notice of protest and of foreclosure by advertisement are abrogated.”
The legislature adopted the recommendations of the commissioners, and the result was the first subdivision of section 797, as it now stands. Mr. Throop, one of the commissioners, in his edition of the Code, in a note to section 797, says that by subdivision 1 the previous restrictions upon post office service are swept away.
If this view be correct, ,as it seems to be, the service of the defendant’s answer in this case was regular.
Let an order be entered directing that the answer as served stand as the answer in the action, and that the plaintiffs have ten days from the service of a copy of the order to be entered hereon, in which to reply or demur as they may be advised, and that the proceedings of the plaintiffs subsequent to March 28, 1887, be set aside.
*768 As the question seems a new one, and there has been in fact among members of the profession a good deal of doubt as to whether such service is regular, no costs of the motion are given.
Let the opinion be filed and an order entered in accord- . anee with the above.