HENRY VAN AERNAM and others *vs.* JEREMIAH C. WINSLOW.

December 13, 1887.

**Service by Mail — Place of Mailing.**—To constitute proper service of a paper in an action by mail, it must be mailed at the place of residence of the attorney or party serving it.

**Refusal to Vacate Judgment — Discretion of Court.** — *Held*, that the discretion of the court below, in refusing to set aside a judgment on the ground that it was taken through inadvertence, surprise, or excusable neglect, was properly exercised.

Plaintiffs brought this action in the district court for Otter Tail county, to recover damages for alleged trespass committed by the defendant in cutting down and removing timber from the lands of the plaintiffs. The summons and complaint were personally served upon the defendant, on November 17, 1883. On December 8, 1883, a copy of an answer was received by the plaintiffs' attorneys by mail, which answer was enclosed in an envelope, postmarked at St. Paul, December 8, 1883, 7 A. M. This answer was signed by Briggs & Elders as attorneys for the defendant. On May 10, 1884, an application was made by the plaintiffs to the district court, setting out the above facts

and also the fact that at the time of the attempted service of the answer, Briggs and Elders resided at Moorhead, in Clay county, and asking that the court appoint a referee to take proofs of the matters alleged in the complaint.   Upon this application the action was referred by *Collins,* J., and thereafter evidence was taken before the referee, who, on July 14, 1884, directed judgment in favor of the plaintiffs for the sum of $6,573.   Judgment was entered in accordance therewith, on August 1, 1885.   Thereafter, and in August, 1886, defendant, upon affidavits showing that the answer was mailed in St. Paul, on December 7, 1883, and setting out certain conversations had with the plaintiffs' attorneys, made an application to the court to set aside the judgment and for leave to answer, and he appeals from an order by *Baxter,* J., denying the application.

*R. R. Briggs,* for appellant.

*Searle & Lamb* and *Reynolds & Stewart,* for respondents.

GILFILLAN, C. J.[1]   This was an appeal from an order refusing to set aside a judgment entered by default of defendant to answer.   The grounds on which the motion was made—and they are the only grounds which can be considered on this appeal—were that an answer had been duly served within the time allowed by law, and that the judgment was taken against defendant through his inadvertence, surprise, and excusable neglect.   The latter ground was within the sound discretion of the court below; the former presented a question of legal right.   As to the service of the answer, the facts were:   The plaintiffs' attorneys resided at St. Cloud, the defendant's attorneys, at Moorhead.   The summons was served personally on November 17, 1883.   On December 7th following, the attorneys for defendant caused a copy of the answer to be mailed at St. Paul, directed to the plaintiffs' attorneys at St. Cloud, and the latter received it the following day, and on that day returned it for the reason that it was not mailed at the place of residence of the defendant's attorneys.   The answer was received the day after the last day for personal service, so that there was no service, unless it was a proper service by mail.

The statute (Gen. St. 1878, *c.* 66, § 75) provides:   "Service by

[1] Collins, J., by reason of his connection with the case in the court below, took no part in this decision.

mail may be made when the person making the service and the person on whom it is made reside in different places, between which there is a *regular communication by mail.*" A similar statute, and a rule of court to the same effect, have been construed by the courts in New York to require that the paper to be served must be mailed at the place of residence of the person serving it. *Corning* v. *Gillman*, 1 Barb. Ch. 649; *Schenck* v. *McKie*, 4 How. Pr. 246; *Peebles* v. *Rogers*, 5 How. Pr. 208; *Hurd* v. *Davis*, 13 How. Pr. 57. When the paper is properly mailed, the service is deemed complete. The risk of failure of the mail is on the person to whom it is addressed. *Radcliff* v. *Van Benthuysen*, 3 How. Pr. 67. He has a right, therefore, to insist on strict compliance with the statute. The statute requires, to make the service regular, that there shall be a regular communication by mail between the places where the person serving and the person served reside, which necessarily implies that the service is to be by means of that "regular communication by mail," and no other. The requirement of such communication would be senseless if the person serving might mail the paper at any other than the place where he resides. When the paper actually comes to the hands of the person to be served within the time required for personal service, it is immaterial where it is mailed; for then it is equivalent to personal service. But, if it be mailed at any other than the proper place, the person adopting that mode of service must take the risk of its reaching the person to whom sent within the proper time. In such case there is no service unless it does reach the latter within such time. The service in this case was not good.

On the other ground of the motion we see no reason to think the court below did not exercise its discretion judiciously. Had the defendant made timely application for leave to serve his answer, no doubt the court would have granted it. Although for a time after the attempt to serve the answer the defendant's attorneys may have supposed, from conversations between them and the plaintiffs' attorneys, that the latter would receive the answer, yet they were distinctly informed by the latter as early as May, 1884, that it would not be received. The judgment was not entered till August, 1885, and the defendant made no move in the matter till August, 1886. There is

no sufficient excuse given for the delay. The case is, very likely, a hard one, but the defendant has himself only to blame for the situation his own laches has placed him in.

Order affirmed.