Charles H. Benedict *vs.* Grand Lodge A. O. U. W.

Argued Dec. 11, 1891.  Decided Feb. 29, 1892.

Defendant's Constitution Construed.—Provisions of the constitution of the defendant, relating to its system of mutual life insurance, and prescribing that notices of assessments for the death of members shall be "sent" by the 8th day of the month, *held* to be only directory as to the time specified.

Same.—Notice sent by mail is effectual if actually received.

Presumption that a Notice Duly Mailed is Received.—It is presumed that a notice properly sent by mail was received.

Defendant's Constitution Construed.—Defendant's constitution construed as allowing twenty days for the payment of an assessment; but whether this time is to run from the time of *mailing* the notice or of its *receipt* is not decided.

Evidence of Nonpayment. — Evidence deemed to show a forfeiture of membership for nonpayment of an assessment.

Appeal by plaintiff, Charles H. Benedict, as administrator with the will annexed of the estate of Josephine M. Roy, deceased, from a judgment of the district court of Ramsey county, *Egan,* J., entered September 28, 1891.

The defendant, the Grand Lodge of the Ancient Order of United Workmen, state of Minnesota, on March 2, 1878, issued to Louis M. A. Roy its certificate that he was entitled to all the rights and privileges of membership, and to $2,000 of the beneficiary fund at his

death, to be paid to Josephine M. Roy, his mother, upon the condition that he should comply in every particular with all laws, rules, and requirements of the order. He was at the time a resident of St. Paul, Minn., and a member of Franklin Lodge, No. 3, of that city.

An assessment of two dollars on each of its members was duly made January 8, 1881, by Franklin Lodge for two deaths, and notice thereof, dated that day, was mailed January 11th or 12th to Mr. Roy. He did not pay this assessment, and from that time until his death, on January 7, 1887, he never attended any meeting of his lodge, or paid any dues or assessments, although he continued to reside at St. Paul.

By the constitution of the grand lodge, it is the duty of a subordinate lodge, upon the death of one of its members entitled to participate in the beneficiary fund, to notify the grand lodge of his death. On the first day of the next month the grand lodge gives notice of the death to each subordinate lodge in its jurisdiction. Each subordinate lodge is required to make on or before the 8th day of the same month an assessment of one dollar upon each of its assessable members, and to send to each a notice thereof, and the member is required to pay the assessment on or before the 28th day of the same month. Any member who fails to pay his assessment forfeits his certificate, and all his rights thereunder, subject to reinstatement within three months, on certain conditions.

· After the death of Mr. Roy his mother, Josephine M. Roy, demanded of defendant the sum of $2,000 mentioned in the beneficiary certificate. She afterwards died testate at Waterloo, in the Province of Quebec. Her will was admitted to probate and record in that Province, and a certified copy was filed, and the will probated in the probate court of Ramsey county, Minn., where plaintiff was duly appointed administrator of her estate with the will annexed. He brought this action to recover the $2,000 mentioned in the certificate. The action was tried May 12, 1891. The jury returned a verdict for defendant, and judgment was entered thereon that it recover of plaintiff its costs, taxed at $99.23. From that judgment plaintiff appealed.

*H. L. Williams,* for appellant.

Mailing the notice of assessment does not answer the requirement of defendant's constitution that the notice shall be "*sent,*" unless the proof shows that Roy actually received it. There is no agreement or stipulation in defendant's constitution to transmit the notice by mail, and, unless the constitution makes such transmission a sufficient notification, the defendant must show actual notice, where it does not appear that the person received the notice mailed. Nibl. Mut. Ben. Soc. §§ 285, 286; Bac. Ben. Soc. § 381; *Burhans* v. *Corey,* 17 Mich. 282; *Castner* v. *Farmers' Mut. Fire Ins. Co.,* 50 Mich. 273; *Wachtel* v. *Noah Widows & O. B. Soc.,* 84 N. Y. 28; *McCorkle* v. *Texas Ben. Soc.,* 71 Tex. 149; *Hollister* v. *Quincy Mut. Fire Ins., Co.,* 118 Mass. 478; *Gellatly* v. *Minnesota O. F. Mut. Ben. Soc.,* 27 Minn. 215.

We have examined *Backdahl* v. *Grand Lodge A. O. U. W.,* 46 Minn 61, and the authorities cited by this court, and, with all due respect, submit that those cases do not cover this proposition.

Defendant seeks to avoid payment of the beneficiary certificate by urging a forfeiture against Mr. Roy for the nonpayment of the assessment made January 8, 1881. Franklin Lodge made that assessment on the evening of that day. The 9th was Sunday. The notices were printed on the 10th. They were probably superscribed and directed on the 11th, and put in the mail that night. They were postmarked with the stamp of the post office for 6 o'clock A. M. of the 12th. Defendant now claims that, because Mr. Roy did not pay the assessment by January 28th, he forfeited his certificate. Franklin Lodge held a meeting January 29th, and suspended Roy for nonpayment of this assessment. Its constitution provides that if an assessment is not paid by the 28th day of the month the member is suspended, without any action whatever on the part of the lodge. To set this forfeiture in motion, it is absolutely necessary that the notice be sent on or before the 8th day of the month. *Hull* v. *Northwestern Mut. Life Ins. Co.,* 39 Wis. 397; *Supreme Lodge K. H.* v. *Abbott,* 82 Ind. 6; *Froehlich* v. *Atlas Life Ins. Co.,* 47 Mo. 406; *Bates* v. *Detroit Mut. Ben. Ass'n,* 51 Mich. 587; *Covenant Mut. Ben. Ass'n* v. *Spies,* 114 Ill. 463; *Frey* v. *Wellington Mut. Ins. Co.,* 4

Ont. App. 293; *Haskins* v. *Kentucky Granger Soc.*, 7 Ky. Law Rep. 371.

*W. H. Adams* and *E. Southworth*, for respondent.

DICKINSON, J. In 1878 one Louis M. A. Roy became a member of a subordinate lodge, called "Franklin Lodge," in the order of United Workmen, and received from the defendant the beneficiary certificate upon which this action is founded. By the terms of this certificate and contract Josephine M. Roy, his mother, was declared to be entitled to receive $2,000 from the beneficiary fund of the order upon the death of the said member, provided he should have complied with all its laws, rules, and requirements. Roy died in January, 1887. His mother having subsequently died, the action is prosecuted by the administrator of her estate.

The defense to which attention will be particularly directed is that in the early part of the year 1881 Roy forfeited his membership in the order, and the rights under the beneficiary certificate terminated, by reason of his failure to pay an assessment, to which all members were liable, upon the death of one Bimer, a member of the order. · There was no real conflict in the evidence bearing upon this point, and we have only to consider its legal effect. The constitution of the defendant, governing also the subordinate lodges,— article fourteen, (14,) section eight, (8,)—provided that upon the death of a member entitled to participate in the beneficiary fund notice should be given to the grand ·recorder, who on the 1st day of the following month should notify each subordinate lodge. It is declared that each subordinate lodge shall then make an assessment of one dollar upon each member holding a beneficiary certificate. "Written notices of assessments shall be made and sent by the financier not later than the 8th day of the month in which the notice was issued by the grand recorder. And not later than the 28th day of said month in which said notice of assessment was given, any member holding a certificate of the beneficiary fund, having failed or neglected to pay said assessment into the beneficiary fund of his subordinate lodge, shall forfeit all his rights under said certificate." Section ten (10) allows a member, whose certificate has thus been avoided, to renew the same at any time within three

months by paying all assessments made during that time. Bimer died in December, 1880. On or prior to the 8th day of January, 1881, (and perhaps in the month of December, 1880,) notice was communicated to Franklin Lodge,—the subordinate lodge of which Roy was a member. That subordinate lodge held a meeting on the evening of the 8th of January, at which meeting the notice of the death of Bimer was formally communicated to the lodge, and its records show that an assessment was then "required" therefor. This evidence was supplemented by oral testimony to the effect that an assessment was formally made by vote of the lodge. There is no evidence to the contrary,—for the oral testimony is not in conflict with what is shown by the record of the meeting,—and the fact must be taken to have been as above indicated. After that meeting, the financier, as was his custom in such cases, had notices printed on postal cards, addressed them to the members, including Roy, and deposited them in the post office at St. Paul, where Roy resided. These were mailed not later than the 12th of January, and probably on that or the preceding day. These notices were dated as of the 8th of that month. They gave notice of the death of Bimer, and that the members to whom they were addressed were required to pay the assessment to the financier "prior to January 28, 1891." No other written notice was given to Roy. There was no evidence as to whether the postal card addressed to Roy was ever received by him. He never paid the assessment, and never afterwards attended any meetings of the order, although he lived about six years after the time to which reference has been made. At a meeting of the subordinate lodge on the 29th of January, 1881, Roy was declared suspended by reason of his nonpayment of this assessment.

It is contended on the part of the plaintiff that the provisions of the constitution as to the times for making assessments and sending notices thereof must be construed, and effect be given to them, exactly according to their terms; in other words, that a notice is ineffectual to impose upon a member the duty to pay an assessment, a neglect of which duty may result in a forfeiture of his rights, unless the notice be given on or before the 8th day of the month; and, further, that the requirement of the constitution is not complied with if

notice is given only by mail. As to the time within which notices of assessment are to be sent, the express provision of the constitution must be deemed to be only directory, and not a limitation upon the right and duty to notify members of assessments made, or of their liability and obligation to make payment. A construction in accordance with the plaintiff's contention would be plainly opposed to, and would often defeat, one of the principal purposes of the organization, and would be unsupported by any apparent reason save the bare language of the constitution above recited. The reason and necessity for the payment of the so-called "assessments" upon each surviving member having part in and entitled to the benefits of this system of mutual life insurance are in no measure diminished if for any cause the financier fails to give the requisite notice on or before the 8th day of the month. This is liable to occur, sometimes unavoidably, as in the case of the sickness or absence of the financier, or from the failure of the lodge to meet in time to take action in the matter, (assuming that its action is necessary,) or from other causes, or it might result from mere neglect or inadvertence. But whether the failure to give notice by the day prescribed be unavoidable or otherwise can make no difference. In the nature of things, the reason why the members, when notified, should still make the payment contemplated in this scheme of insurance, so that the beneficiary of the deceased member may receive the benefits which the contract was intended to secure, remains unimpaired. The fixing of a precise period within which notices were required to be sent can have been for no other purpose than to secure promptness of action, and the collection of the assessments without unnecessary delay. Hence the requirement as to the time within which notices shall be sent is to be construed as being in its nature directory, and not essential. *State* v. *Perry*, 28 Minn. 455, (10 N. W. Rep. 778;) *Kidd* v. *Dawson*, 31 Minn. 373, 381, (17 N. W. Rep. 961, and 18 N. W. Rep. 96.) The purpose embodied in this provision of the constitution is not well expressed, but it is readily discoverable from the instrument itself, if we keep in mind the nature of the subject and the general purpose sought to be accomplished, concerning which there can be no doubt. It was intended to secure promptness in the giving of notices, and to require

payment to be made within *twenty* days after notice; and, in order to secure promptness in payment, it was provided that the failure to pay within such period should of itself result in a forfeiture or suspension of the rights of the delinquent member, (*Scheufler* v. *Grand Lodge A. O. U. W.*, 45 Minn. 256, 47 N. W. Rep. 799;) but subject to the power of the member to reinstate himself within the period of' three months in accordance with the provisions of section ten (10) above referred to. It follows that, if the proper notice was given to Roy, he forfeited his rights of membership in the order, and of participation in the beneficiary fund, many years prior to his death.

The constitution requires notices to be "sent" to members, but does not prescribe the manner in which this shall be done. But the rights of members are not to be forfeited for nonpayment of assessments without actual notice and information of the fact, from which only the duty to pay arises. Hence, while notices may be "sent" by mail, that alone does not notify or inform the persons to whom they are addressed. If, however, a notice so sent is in fact received, that is sufficient. That constitutes actual notice, and is all that the provision above recited contemplates, and all that the law, from regard to the rights of parties, requires, in the absence of any provision prescribing a different mode of communicating notice. In this case, from the proof of mailing the notice at St. Paul to Roy, who was a physician, residing in the same place, there arose a presumption of fact that it was received. *Plath* v. *Minnesota Farmers' Mut. Fire Ins. Ass'n*, 23 Minn. 479. See, also, *Backdahl* v. *Grand Lodge A. O. U. W.*, 46 Minn. 61, (48 N. W. Rep. 454.) There was nothing in the case to oppose this, or to suggest a doubt as to the fact being in accordance with the presumption. Indeed, the presumption is somewhat strengthened by the fact that Roy never, after the time in question, acted as a member of the order. This in some degree supports the conclusion that he understood that he was no longer a member, —had forfeited his membership.

It is unnecessary to consider whether the twenty days within which payment should be made runs from the time of mailing notices or from the time when they are received. It makes no practical difference in this case, and would not generally do so in view of the right

given by section 10 to a party in default to reinstate himself by simply making payment. The question might be important if a member were to die immediately after the lapse of the period of twenty days from the time of the mailing to him of a notice of assessment.

The declared suspension of Roy at the meeting of January 29th was of no effect. He was not then in default, and, when he subsequently made default, that fact of itself was effectual to terminate his rights. *Scheufler* v. *Grand Lodge A. O. U. W., supra.*

One thing more may be referred to. The notice to Roy, bearing the date January 8th, but not mailed until perhaps the 11th, notified him that payment should be made "prior to January 28th." In fact he was not required to pay within the time thus indicated. If it be said that the notice may have misled Roy into the belief that he must pay by the 28th to avoid a forfeiture, and hence that he did not suppose that he could discharge his obligation by payment after that date, it is a sufficient answer that, irrespective of the notice, he presumably knew that by force of section ten (10) he could, by making payment at any time during the succeeding three months, relieve himself from the consequences of his previous default; but that he did not choose to avail himself of the right to pay in accordance with his obligation, and to avoid the forfeiture, which was rather in the nature of a suspension than an absolute forfeiture, during the interval of three months. We are of the opinion that the case showed conclusively that many years before his death Roy's rights had been voluntarily forfeited, and that a verdict might have been directed for the defendant. Hence the verdict for the defendant, found by the jury upon its judgment of the case, should not be set aside. If the court erred in any respect, there was no error which could have affected the result above indicated.

Judgment affirmed.

(Opinion published 51 N. W. Rep. 371.)