## JOSEPH DADE vs. AETNA INSURANCE CO.

Argued by appellant, submitted on brief by respondent, June 15, 1893. Reversed July 31, 1893.

### Secondary Evidence of the Contents of a Writing.

Upon the trial of an action to recover for a loss by fire under an insurance policy, notice at the trial to the defendant's attorneys to produce proofs of loss, sent by plaintiff to the company in a distant state, it not appearing that they were within reach of its attorneys at that time, is insufficient to lay the foundation for secondary evidence.

### Mailing, as Proof of Delivery.

Where proofs of loss are shown to have been properly mailed to the company at their place of business or the home office, it will be presumed that they were received in due course of mail till the contrary is made to appear.

### Evidence Examined. ·

Evidence *held* insufficient to prove a waiver of the service upon the company of the proofs of loss required by the policy.

Appeal by defendant, Aetna Insurance Company, from an order of the District Court of Itasca County, *G. W. Holland*, J., made December 26, 1892, denying its motion for a new trial.

*Kueffner & Fauntleroy* and *J. P. Douglas*, for appellant.

*True & Wetherby*, for respondent.

VANDERBURGH, J.   This action was upon a policy to recover for loss and damage by fire to the property covered by it on the 23d day of June, 1892.   The terms and conditions of the policy are not set forth in the complaint, but it alleges, generally, that the plaintiff had performed all the conditions of the insurance on his part, which the answer denies.   Upon the trial the plaintiff, who was called as a witness, was allowed to state generally that he had complied with all the conditions of the policy, without producing the policy in evidence.   This error was prejudicial; unless it is made to appear from the record that by subsequent competent evidence it was cured.   This, we think, was not done.   It is not questioned that the conditions of the policy require that notice of loss by the fire shall be immediately given to the company, and that within sixty days a statement of the value of each item of

property, amount of loss thereon, origin of the fire, etc., shall be rendered to the company. In the course of the trial plaintiff offered a certain exhibit, copy of proofs of loss, claimed to have been sent to the company by mail at Hartford, Conn., which was received as secondary evidence of the original. The only foundation laid for the introduction of the evidence was a verbal notice given to defendant's attorneys on the trial to produce the original proofs of loss, and a request to the court to require them to produce the original. It did not appear that the original was in the possession of the counsel for the defendant, or that they could produce the same at the trial. The notice was insufficient, and secondary evidence was improperly received. On the other hand proof that the required notice and proofs were properly mailed to the company at their place of business, or the home office, is presumptive evidence that they were received in due course of mail, until the contrary appears. The evidence was sufficient proof that certain documents were sent to and received by the company, but their contents must be proved by the production of the original, or by secondary evidence, after a proper foundation is laid therefor. The paper Exhibit A was sufficient as notice of the fire and loss under the policy, but not a sufficient compliance with the terms of the policy to constitute the statement of proof of loss as therein required. And it does not appear that such further statement or proof was waived by the company. Indeed it appears from Exhibit C, which is claimed by plaintiff to be a copy of the proof finally furnished, that it was made at "the request of the company, and is intended as proofs of loss by said fire under said policy." There are numerous minor errors assigned, which it is not deemed necessary to consider; but for the reasons stated a new trial must be granted.

Order reversed.

(Opinion published 56 N. W. Rep. 48.)