## GILBERT T. HOFF v. NORTHWESTERN ELEVATOR COMPANY.[1]

January 3, 1913.

Nos. 17,927—(221).

**Notice of trial — service by mail.**
> Service of notice of trial by mail is complete when the notice is properly mailed.

**Service by mail.**
> When a paper served by mail actually comes to the hands of the person to be served within the time required for personal service, the service is good, though the mailing was after the time prescribed by law.

**Opening judgment — no abuse of discretion.**
> The trial court did not abuse its discretion in refusing to set aside a judgment on account of excusable neglect of defendant's attorneys.

Appeal by defendant from an order of the district court for Grant county, Flaherty J., denying its motion to vacate a judgment entered

[1] Reported in 139 N. W. 153.

in the action and discharging an order to show cause why the writ of execution should not be quashed and the levy made by the sheriff of that county under the writ be discharged. Affirmed.

*Van Derlip & Lum,* for appellant.

*E. J. Scofield,* for respondent.

BUNN, J.

This is an appeal by defendant from an order of the district court for Grant county denying a motion to set aside a judgment entered by default in favor of plaintiff.

The facts are these:

The action was commenced November 21, 1911, to recover $548 and interest for labor claimed to have been performed by plaintiff for defendant. December 11, 1911, defendant served its answer, a general denial with an additional defense. Plaintiff served a reply to this answer early in January, 1912, and the issues were then ready for trial. On May 18, 1912, plaintiff's attorney made and filed an affidavit to the effect that on February 14, 1912, he served on defendant's attorneys by mail a notice of trial for the June term of the court. The case was placed upon the calendar for that term, and was reached in its order June 5, 1912. Defendant not appearing, plaintiff waived a jury trial, the case was tried to the court, and a decision filed in favor of plaintiff. Notice of taxation of costs was given for June 12, 1912, and served on defendant's attorneys by mail June 9. On receipt of this notice on June 10 defendant's attorneys wrote to plaintiff's attorney, acknowledging the receipt of the notice, and expressing surprise, "inasmuch as no notice of trial in this action has ever been served upon us." They asked that plaintiff's attorney investigate the facts in regard to the notice of trial, and, if found to be as they stated, suggested a stipulation setting aside the order for judgment. June 13 plaintiff's attorney replied, stating that the case was duly noticed for trial in February, and that he expected to be in Minneapolis to-morrow. June 15 defendant's attorneys wrote to the attorney for plaintiff, reiterating that they had received no notice of trial, and stating that they would be pleased to hear from him further

in relation to an arrangement to enable the case to be tried upon its merits, and that, "awaiting further advice from you, will take no steps toward applying to open the judgment." Plaintiff's attorney did not reply to this letter, and on June 24 defendant's attorneys wrote again, asking the status of the case. They received no reply. The judgment had been entered on June 12, and an execution issued, which on August 14 was levied on personal property of defendant. On August 15 notice of this motion to set aside the judgment was served.

1. Defendant's first contention is that it appears conclusively from the record that no notice of trial was served. But the most that can be said of the evidence is that it tends to show that the notice was not received by defendant's attorneys, as the proof that the notice was duly mailed at the place of residence of the party making the service is abundantly sufficient to justify a finding to that effect. It is urged that the rule should be that the proof of mailing a notice is prima facie evidence of its receipt by the adverse party, but that the service is not complete until the notice is actually received. We do not sustain this contention. The rule announced in Van Aernam v. Winslow, 37 Minn. 514, 35 N. W. 381, is that, when the paper is properly mailed the service is complete; the risk of failure of the mail is on the person to whom it is addressed. We follow this rule. It is supported by the authorities, and is sound. We therefore hold that it was not shown that the notice of trial was not served, and the finding that it was, necessarily implied from the order refusing to vacate the judgment, is sustained by the evidence.

2. It is claimed that defendant was entitled as a matter of right to have the judgment set aside, because the postmark on the envelope inclosing the notice of taxation of costs was June 9, thus showing a mailing one day too late. But the evidence is conclusive that defendant's attorneys actually received the notice on June 10, and that was equivalent to personal service on that date. Van Aernam v. Winslow, supra. And no notice was necessary to a valid entry of the judgment.

3. It was within the discretion of the trial court to grant the motion on the ground of justifiable inadvertence or excusable mistake on

the part of defendant's attorneys; and this discretion is not to be exercised arbitrarily, but is a sound legal discretion, an abuse of which may be corrected by this court. While a trial court should ordinarily grant the relief upon any reasonable showing that the neglect was justifiable or excusable, in this case we think there was no abuse of discretion. Defendant's attorneys did not act promptly after discovering that the case had been tried, and there does not seem sufficient excuse in the correspondence or in the affidavits to justify the delay. This fact, considered with the other evidence before it, may well have led the trial court to believe that justice would be best served by a denial of the motion.

Order affirmed.