## OUTCAULT ADVERTISING COMPANY v. FARMERS AND MERCHANTS STATE BANK OF GREENBUSH.[1]

April 7, 1922.

No. 22,723.

**Receipt of letter—presumption from due mailing not conclusive.**

Where a letter is deposited in the United States mails, properly addressed and postage prepaid, there is a presumption that it reached its destination in due course of mail, but such fact of mailing is not conclusive proof that the letter reached its proper address.

Action in the district court for Roseau county to recover $553.80 upon a contract. The case was tried before Watts, J., and a jury which returned a verdict in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Reversed.

*R. J. Bell* and *W. E. Rowe,* for appellant.

*George M. Stebbins,* for respondent.

QUINN, J.

Action to recover upon a contract to supply defendant with advertising matter commencing June 1, 1916, and to continue for the period of two years, and for the further period of three years, unless the vendee notified the vendor to the contrary, in writing, on or before February 1, 1918. There was a verdict for the defendant and from an order denying its motion for a new trial, plaintiff appeals.

Plaintiff is an Illinois corporation with its principal place of business at Chicago. The defendant is a banking corporation doing a general banking business at Greenbush, Roseau county, Minnesota. In April, 1916, the plaintiff and defendant entered into a contract as above indicated. The advertising matters were furnished and paid for during the first period ending June 1, 1918. Plaintiff continued to send the supplies to defendant, but the defendant refused to accept the same, claiming that the contract had been canceled. The

[1]Reported in 187 N. W. 514.

contract is set forth in the complaint. It provides for the shipment by plaintiff to defendant of certain advertising materials at intervals during the two-year period ending June 1, 1918; then, after describing these materials, it provides for certain monthly payments and further provides: "This contract to continue in full force and effect for a further period of three (3) successive years on the same conditions unless we notify you to the contrary, in writing, on or before Feb. 1st, 1918."

At the trial defendant's cashier testified that on June 23, 1917, he wrote a letter to the plaintiff terminating the contract; then placed it in an envelope, properly addressed to the plaintiff, with postage prepaid, and mailed it. The plaintiff offered testimony denying the receipt of such letter. In submitting the case the trial court instructed the jury, in effect, that if they found that such a letter was mailed to the plaintiff, it, in effect, canceled the contract, even though the plaintiff never received the letter.

Where a letter properly addressed and with postage prepaid, is deposited in the United States mails, in commercial transactions, a presumption arises that it reached its destination in the usual course of mail, but such mailing is not conclusive proof that the letter reached its proper address. Plath v. Minnesota F. M. F. Ins. Assn. 23 Minn. 479, 23 Am. Rep. 697; Benedict v. Grand Lodge, A. O. U. W. 48 Minn. 471, 51 N. W. 371; Dade v. Aetna Ins. Co. 54 Minn. 336, 56 N. W. 48; Ruder v. National Council of K. & L. of S. 124 Minn. 431, 145 N. W. 118; Powers v. Fidelity & Casualty Co. 144 Minn. 282, 175 N. W. 111. The presumption that follows such mailing is for the consideration of the jury; subject to rebuttal by proof that the same was not received by the party to whom addressed. The rule is that the proof of mailing is prima facie evidence of the receipt of the letter by the party to whom addressed. Plath v. Minnesota F. M. F. Ins. Assn. supra; Benedict v. Grand Lodge A. O. U. W. supra.

The cases cited and relied upon by respondent, that is, Van Aernam v. Winslow, 37 Minn. 514, 35 N. W. 381, and Hoff v. Northwestern Elev. Co. 120 Minn. 224, 139 N. W. 153, are based upon the statute (section 7745, G. S. 1913), in reference to serving notices by

mail in legal proceedings, which has no application to transactions such as here involved. Plath v. Minnesota F. M. F. Ins. Assn. supra. It follows that on account of the erroneous instruction given as to the effect of the mailing of the letter, a new trial must be granted.

Reversed.