JAMES GORMAN

*vs.*

THE SUPERVISORS OF THE TOWN OF ST. MARY.

Under *sec.* 62, *chap.* 5, *Laws* 1873, an appeal lies to the district court from the determination and order of town supervisors laying out a highway, where the damages claimed by the appellant exceed one hundred dollars.

Appeal by plaintiff from an order of the district court for Waseca county, dismissing an appeal. The case is stated in the opinion.

AMOS COGGSWELL and PETER McGOVERN, for Appellant.

LEWIS BROWNELL, for Respondents.

*By the Court.*—BERRY, J.—The respondents laid out a highway over the land of Gorman, the appellant. The order laying out the highway was filed in the office of the proper town

clerk August 8, 1873, but the damages were not assessed until September 8, 1873, nor the award of damages filed until September 9, 1873.

The amount of damages awarded to Gorman was seventy dollars.

On September 2, 1873, Gorman took an appeal to the district court of Waseca county from the determination and order of respondents, laying out such highway, claiming in his notice of appeal the sum of five hundred dollars as damages for the laying out, in case the same should be affirmed. Upon respondents' motion the appeal was dismissed, upon the ground, (as appears to be agreed by counsel,) that an appeal does not lie from such determination and order to the district court.

Whether this ground is tenable or not, depends upon the construction of *sections* 59 to 62, inclusive, of *chap.* 5, *Laws* 1873. Section 59 provides, that any person feeling aggrieved by any determination or award of damages made in laying out a highway, may appeal from such determination or award, to a justice of the peace, " provided the amount of damages allowed in such appeal does not exceed one hundred dollars." Sections 60 and 61 prescribe the mode of proceeding upon such appeal; and among other things, section 60 provides that " the application to a justice of the peace for an appeal shall be in writing, and shall briefly state the grounds on which it is made, and whether it is brought in relation to damages assessed, or in relation to laying out, altering or discontinuing, or refusal to lay out, alter or discontinue any highway, or whether it is brought to reverse entirely the decisions of the supervisors or commissioners, or any part thereof; if the latter, what part."

Section 62 enacts that " in case the amount of damages claimed exceed one hundred dollars, appeal may be taken

\* \* to the district court \* \* by filing in the office of the clerk \* \* \* an application \* \* \* of the same nature as provided in the two preceding sections of this chapter. \* \* \* Such appeal shall bring before the appellate court the propriety of the amount of damages, and all other matters referred to in such appeal; \* \* and the court or jury, as the case may be, shall re-assess the damages aforesaid, and make the verdict conform to the justice and facts in the case \* \*. "

In view of these provisions of the statute, respondents argue that the appeal did not lie to the district court, because the damages awarded to Gorman did not exceed one hundred dollars. Whatever is meant by the words, " damages allowed in such appeal," in the proviso of section 59, there can be no mistake as to the fact that section 62 gives an appeal to the district court, " in case the amount of damages *claimed* exceeds one hundred dollars;" and without adverting in detail to other considerations, such as the analogy of the general law, limiting the jurisdiction of justices of the peace to cases in which the sum claimed is less than one hundred dollars, (*sec. 5, chap. 65, Gen. Stat.,*) this express language of section 62 is clearly sufficient to uphold the appeal, so far as it depends upon the *quantum* of damages.

It is further contended by respondents, that the appeal to the district court is confined to a re-assessment of the damages, and that the determination and order, laying out a highway, can only be reviewed upon the appeal to a justice. But here again we think the language of section 60 is decisive against respondents.

It will be noticed that the " *application,*" upon appeal to the district court, is to be " *of the same nature*" as upon the appeal to the justice, and that, therefore, it is to state, among other things, " whether it is brought in relation to damages

Gorman v. Supervisors of the Town of St. Mary.

assessed, or in relation to laying out * * any highway, or whether it is brought to reverse entirely the decisions of the supervisors, etc." This language is wholly irreconcilable with any other construction than that which allows the determination or order, laying out a highway, to be reviewed upon the appeal to the district court. The section goes further, and confirms the propriety of this construction, when it says that " such appeal shall bring before the appellate court * * *all other matters referred to in such appeal,"* as well as the propriety of the damages. Doubtless, also, the direction that, in addition to the re-assessment of damages, " the verdict shall conform to the justice and facts of the case," has reference to a verdict upon a review of the determination and order as to laying out.

In addition to these considerations it is to be observed, that if the respondents are right in the opinion, that the review of the " determination and order, laying out a highway," is confined to the appeal to the justice, they are necessarily driven to the further conclusion, that there could be no such review, except when the " amount of damages allowed on such appeal does not exceed one hundred dollars." Now, whether the word, " allowed," means " allowed " by the supervisors or commissioners, or " allowed " by the jury, upon appeal to the justice, or " claimed " by the party appealing, a construction which would lead to such a conclusion, would convict the statute of the grossest injustice. Fortunately, this construction is neither necessary nor reasonable.

The order dismissing the appeal is reversed.