CASE 59—PETITION ORDINARY—JAN. 13.

# King's Administrator v. Rose, Curator.

100  393
122  199

APPEAL FROM WHITLEY CIRCUIT COURT.

1. WILL CONTEST—APPEAL TO CIRCUIT COURT—EFFECT OF.—An appeal to the Circuit Court from an order of the County Court admitting a will to probate, does not have the effect to suspend the powers of an administrator appointed after the probation of the will. The only effect of such an appeal taken in less than twelve months is to prevent a division, distribution and final settlement of the estate. In such a case it is the duty of a curator appointed to protect and preserve the estate pending the contest over the will in the County Court, to turn over whatever remained in his hands belonging to the estate to the administrator. (Sections 3901, 3902 and 4851 of the Kentucky Statutes construed and harmonized.)

JOHN T. HAYS FOR APPELLANT.

1. The powers of the curator lasted only while the contest over the will was pending in the County Court, and the order admitting the will to probate was binding upon all parties until it was superseded, reversed or annulled. Sec. 4852 Ky. Statutes; Reed v. Reed, 91 Ky., 267; 91 Ky., 36.)

   It was, therefore, the duty of the curator to turn over the estate to the administrator upon his appointment and qualification. (Secs. 3901-2 Ky. Statutes.)

2. The apparent conflict in the provisions of sections 3901, 3902 and 4852 on the one hand, and those of sections 4851 on the other, should be construed and harmonized so as to give effect to the manifest purpose of the law, which was the preservation and protection of the estate that it might go to the proper persons. Fisher v. Kallerts, 16 B. M., 407; Phillips v. Pope, 10 B. M., 172; 11 Bush, 689.)

K. D. PERKINS AND TYE & SHARP ON SAME SIDE.

1. The powers and duties of the curator ceased upon the probation of the will, and it was his duty to turn over the estate to the administrator. (Ky. Stats., secs. 3901 and 3902.)

2. After the probation of a will executors are vested with full power to discharge all duties imposed upon them. (Reed v. Reed, 12 Ky. L. R., 867.)

R. D. HILL FOR APPELLEE.

1. No supersedeas bond was required to stay proceedings upon the
   order of the County Court admitting the will to probate. (Jones
   v. Jones, 3 Met., 267; Pryor v. Mizner, 79 Ky., 235; Amer. & Eng.
   Enc. of Law, Vol. 1, p. 623, and Vol. 24, p. 586 and notes; Hart
   v. Albany, 3 Paige (N. Y.), 383; Yocum v. Moore, 4 Bibb, 221.)
2. Section 4851 of the Kentucky Statutes means that if the appeal is
   prosecuted within twelve months, it shall prevent the appointment
   of an administrator or executor, and the County Court therefore
   had no power to appoint the appellant within that time, and the
   appointment was void.
       Where a court has no jurisdiction of the subject matter, its
   judgment affecting it is void and can be assailed either in a
   direct or a collateral proceeding. (Miller v. Swan & Brown, 91
   Ky., 38.)

JUDGE WHITE DELIVERED THE OPINION OF THE COURT:

The will of E. J. King was presented to the county
court of Whitley county at the January term, 1894, of
said court, and some of the heirs of said King resisted
its probate, and during the pendency of the contest the
county court appointed the appellee curator of said
estate, who executed bond and qualified as such cura-
tor, and as such took possession of the personal effects
of the decedent. At the April term, 1894, the court,
on the trial of the question will or no will, adjudged
the said paper to be the true last will and testament
of the decedent, and thereupon ordered the same to
record, and from this order admitting said will to rec-
ord some of the contestants prayed an appeal to the
Whitley Circuit Court, but took no appeal until after
the appointment of the curator, and at a special term,
April, 1894, the appellant, Sharp, was appointed by
said court administrator, with the will annexed, of the
estate of said King.

The appellee refusing to deliver up to the administrator the property belonging to the estate, he, after demand of appellee, brought this action in the Whitley Circuit Court to recover possession of the same, setting out a list of property in the hands of said appellee belonging to the decedent's estate.

The appellee filed answer to this petition, in which he alleges that "the order of the Whitley County Court, admitting the will of E. J. King to record, was appealed from by Nan E. Laforce, H. Cutleff;  *   *   *  that the appeal was taken from the order probating said will to the Whitley Circuit Court, and the same has been filed in the circuit court; that the appeal was taken and record filed in the circuit court within twelve months after the said will was probated by the county court."

Defendant says that the Whitley County Court has no right or authority to appoint the plaintiff administrator, with the will annexed, of the estate of E. J. King; that the said appointment by the Whitley County Court is void.

To this answer appellant filed a reply, in which he denied that the Whitley County Court had no authority to appoint appellant administrator, with the will annexed; denies the appointment by the Whitley County Court was void, or that the Whitley County Court had no jurisdiction to appoint an administrator, etc., and further says that said Sharp was appointed administrator of the estate of E. J. King long before any appeal was taken to the Whitley Circuit Court from

the orders probating the last will and testament of the said E. J. King in the Whitley County Court, and he was appointed administrator some time after the orders probating the will of said King, and that no appeal was taken from the orders of the Whitley County Court probating the said will until after the institution of this suit.

On this state of the pleadings the court adjudged the law was for the defendant, and dismissed plaintiff's petition, rendering judgment for defendant for costs, and from this judgment appellant has appealed to this court and asks a reversal.

By section 3901 of the Kentucky Statutes, during the contest about the probate of a will or when the court, for any valid cause, shall be delayed in granting letters testamentary or administrative, it may appoint a curator to collect and preserve the estate of the decedent until probate of the will be granted, etc.

The will of King having been admitted to record it was then the duty of the county court to permit the executor named in the will to qualify as executor; and should the person named in the will as executor decline to qualify, then the court should appoint some suitable person as administrator, with the will annexed.

The county court of Whitley had the jurisdiction and authority to appoint an administrator of said King's estate, and the appeal to the circuit from the orders of the county court admitting said will to record, did not have the effect to suspend his powers and duties as administrator of said estate.

There was no appeal from the orders of the county court appointing the appellant administrator, with the will annexed. These orders were made some time after the orders probating the will. By the appointment of appellant the powers of appellee as curator ceased, and his only duty left him was to settle his accounts as curator, and turn over whatever remained in his hands belonging to the estate of the decedent to the appellant as administrator.

The appeal from the orders of the county court, admitting to record the will of E. J. King, did not have the effect to suspend appellant's powers as administrator, and was not an appeal from the orders of the Whitley County Court appointing appellant administrator. The orders appointing an administrator by the county court may be appealed to the circuit court by any one who is interested, but to suspend the powers of the appointee a supersedeas bond must be given.

But we are referred to section 4851, in which appellee contends that the mere fact of an appeal to the circuit court would have the effect to supersede the appointment of the administrator. We are of the opinion that the only effect of said appeal is to prevent a division, distribution and final settlement of the estate, and are strengthened in this view by the proviso to said section authorizing the circuit court in which proceedings may be had thereafter, pending an appeal, to make an order restraining the further distribution and division of the estate, which shows the meaning of the Legislature; and, if taken as a legislative interpretation of

said section, would make it harmonize with sections 3901 and 3902.

We think the court erred in its judgment. We are of opinion that upon the pleadings the appellant was entitled to judgment for the recovery of the property belonging to the estate of decedent.

Wherefore, the judgment of the lower court is reversed and cause remanded for further proceedings consistent with this opinion.