ST. PAUL TRUST COMPANY v. ALFRED S. KITTSON and Others.[1]

December 6, 1901.

Nos. 12,705—(109).

**Appeal from Part of Order.**
    An appeal may be taken from a part of a final order or judgment if the part whereby the appellant is aggrieved is so far distinct and independent that it may be adjudicated on appeal without bringing up for review the entire order or judgment.

**Order Allowing Fees to Executor—Appeal.**
    So much of an order of a probate court settling and allowing the account of an executor or administrator as adjudicates his claim for services may be appealed from without bringing up the entire order for review.  Capehart v. Logan, 20 Minn. 395 (442), distinguished.

Appeal by plaintiff as executor of the estate of Norman W. Kittson, deceased, from an order of the district court for Ramsey county, Otis, J., dismissing plaintiff's appeal from portions of an order of the probate court for said county.  Reversed and remanded.

*Harvey Officer* and *Davis, Kellogg & Severance*, for appellant.

*James D. Armstrong, Durment & Moore* and *D. Murphy*, for respondents.

START, C. J.

The St. Paul Trust Company, as executor of the will of Norman W. Kittson, deceased, hereafter designated as the "executor," filed its account with the probate court of the county of Ramsey.  The account consisted of some twenty-two pages of printed matter, showing in detail the receipt and disbursement of over half of a million of dollars.  The executor, in its account, charged the estate from time to time for its services and commissions, amounting in the aggregate to the sum of $18,250.  The respondents herein appeared in the probate court, and filed objections to the charges for services, and also specific objections to certain other items of the account, amounting in the aggregate to several thousand

[1] Reported in 87 N. W. 1012.

dollars. Upon a hearing of the matter the probate court made its order allowing without any change all of the items of the account as to the receipts and disbursements by the executor, but reducing its claim for services to $12,000, whereby $6,250 thereof was disallowed, and the balance of the claim for services allowed. The executor appealed to the district court from all of that part of the order whereby its charges for services were fixed at the sum of $12,000 for all of its services rendered during the period covered by its account, and from each and every part of the order so far as it disallowed or surcharged its account in the sum of $6,250. The return from the probate court having been filed in the district court, the respondents made a motion therein to dismiss the appeal, and the district court made its order granting the motion, from which the executor appealed to this court.

An appeal may be taken from a part of a final order or judgment if the part whereby the appellant is aggrieved is so far distinct and independent that it may be adjudicated on appeal without bringing up for review the entire order or judgment. Hall v. McCormick, 31 Minn. 280, 17 N. W. 620.

The sole question presented by the record on this appeal is whether an order settling and allowing the account of an executor or administrator, in so far as it adjudicates his claim for services, is within this rule. The trial court, on the authority of the case of Capehart v. Logan, 20 Minn. 395 (442), which is also here relied upon by respondents, held that such part of the order was not within the rule stated. That case is distinguishable from the one we are considering. In the case cited a creditor presented to commissioners appointed to adjust claims against the estate of a deceased person his claim, amounting to $618.19, consisting of several items. The commissioners disallowed six items of the claim, amounting to $213.19, and allowed the claim at $405. The creditor appealed to the district court from the report of the commissioners so far only as the same disallowed the sum and items stated. The district court made its order dismissing the appeal because it was not taken from the award on the whole claim. Upon appeal to this court the order was affirmed upon the ground that the claim presented to the commissioners was an

entire one, comprising several items, and that all it was necessary for their report to show was their final action upon the creditor's claim as a whole; hence the appeal was not broad enough to embrace the whole decision and report of the commissioners upon the entire claim, but restricted the appellate court to a consideration of a part of the claim.

If the appeal in this case had been, by the notice of appeal, restricted to the disallowance of $6,250 of the charges for services, whereby the executor would retain in any event the $12,000 allowed, and take its chances on securing by further litigation the whole or some part of the amount disallowed, the case cited would be in point, and probably controlling. Such, however, is not the effect of the appeal in this case, for it is taken not only from so much of the order as disallowed a part of the claim for services, but from all that part of the order whereby the charge for services rendered by the executor was fixed at the sum of $12,000. The appellant in this case, by its notice of appeal, brought before the district court the whole subject of its entire claim for services, and thereby it took its chances whether, upon a full hearing of the entire claim, it would be allowed more or less than $12,000. It follows, then, that this case is not controlled by the decision in the case relied upon by the respondents, and that the question as to the validity of the appeal herein is to be solved by inquiring whether the executor's claim for services is so far distinct and independent that it may be adjudicated on appeal without bringing up for review the entire order settling its account.

It must be conceded that the claim for services is a part of the executor's account, for, if it were not, then, as suggested by counsel for respondents, an order allowing the claim for services in whole or in part could not be reviewed on appeal. But the account does not consist of one entire claim, but of several distinct claims, which are not interdependent. It consists of a statement of the executor's receipts of money and property on account of the estate, its claim for disbursements for the estate, and a claim for services rendered thereto. The last two are not simply related items of an entire claim, but they are distinct claims. The question as to how much the executor shall be credited for dis-

bursements depends solely upon what it has actually and necessarily paid out for the estate, and what it shall be allowed for services depends solely upon what services it has necessarily rendered for the estate, and the reasonable value thereof.   It cannot be assumed that the claim for disbursements and the claim for services are interdependent because the allowance of one of the claims would furnish just grounds for disallowing a part of the other claim.   It would be neither honest nor sensible for the court to allow a greater amount for disbursements than was right, and then balance the wrong by another one; that is, by allowing for services less than the executor was entitled to receive therefor.

We are not, however, to be understood by this that on a review of so much of the order as relates to the allowance of the claim for services the court cannot receive and consider evidence as to the amount paid or allowed to the executor for assistance in the execution of its trust.   Any fact which tends to show the nature, extent, necessity, result, and value of the executor's services, or any fact which it was proper for the probate court to consider, may be given in evidence on the hearing of the appeal.

We hold that the claim of the executor for services is so far distinct from its other claims in its account that it may be adjudicated on appeal without bringing up for review the entire order settling its account, and that its appeal was well taken.

Order reversed, and cause remanded, with direction to the district court to hear the appeal on the merits.