## P. OTILLIE STELLMACHER v. CHARLES BRUDER.[1]

### July 22, 1904.

### Nos. 13,957—(186).

**Probate Court—Appeal from Order.**

Where the probate court allows a portion and disallows the balance of a claim of the same general character presented against the estate of a deceased, and an appeal is taken from that portion only of such order which disallows the claim, the same is not effectual, and will not operate to confer jurisdiction upon the district court. Following Capehart v. Logan, 20 Minn. 395 (442), and St. Paul Trust Co. v. Kittson, 84 Minn. 493.

Appeal by plaintiff to the supreme court from an order of the district court for Faribault county, Quinn, J., dismissing an appeal from an order of the probate court for said county. Affirmed.

*C. N. Andrews* and *H. L. & J. W. Schmitt,* for appellant.

*Conant & Conant* and *Putnam & Nicholsen,* for respondent.

DOUGLAS, J.

Plaintiff presented to the administrator of the estate of Ferdinand Stellmacher a duly verified demand for services rendered to the deceased during his lifetime. The probate court allowed said claim to the extent of $260, and disallowed the balance, to wit, items amounting to the sum of $2,720. In appealing to the district court, appellant, by his attorney, served the following notice of appeal:

> Please take notice that P. Otillie Stellmacher, a claimant in the above-entitled estate, appeals to the district court in and for the said county of Faribault and state of Minnesota from the order of judgment of the said court made by John W. Vance, judge of said court, on the first day of October, 1903, disallowing the sum of $2,720 of the claim filed against said estate by said P. Otillie Stellmacher on the eleventh day of July, 1902, for the sum of $2,980, and appeals from all of said judgment which disallows any part of said claim.

1 Reported in 100 N. W. 473.

The court sustained the motion on behalf of the administrator to dismiss said appeal for want of jurisdiction, from which order this appeal was taken.

It was early held by this court that where the probate court allowed a portion and disallowed the balance of a claim single in character, though consisting of several items, an appeal must be taken from the decision of the court upon the claim as originally presented, and, if confined to that part of the decision disallowing a portion, such appeal is defective and does not confer jurisdiction. Capehart v. Logan, 20 Minn. 395 (442). This doctrine was expressly reaffirmed in St. Paul Trust Co. v. Kittson, 84 Minn. 493, 87 N. W. 1012, and the rule must be deemed to be settled in this jurisdiction.

In our opinion, appellant, in his notice of appeal from the probate court, attempted to appeal from only a portion of the judgment. Language could hardly be used which more clearly or pointedly suggests this intention. Therefore, tested by the rule established in the cases cited, and for the reasons therein stated, the order appealed from is affirmed.

Order affirmed.