## EDGAR A. FOSTER v. A. H. GORDON.[1]

November 3, 1905.

Nos. 14,579—(55).

**Money Paid.**

An action upon the common counts for moneys paid is properly brought, where a sister at her brother's request takes an assignment of his notes and mortgages to a third person, delivers the canceled notes to her brother, and at his request satisfies the mortgage.

**Amending Pleading.**

It is within the discretion of the trial court to allow an informal pleading for money had and received, upon this state of facts, to be amended into a count for moneys paid.

**Executor.**

An appeal pending from an order of the probate court admitting a will to probate does not affect an order appointing an executor, unless an appeal is also taken from such order.

Action in the district court for Norman county by plaintiff, as executor of the will of Clara A. Foster, deceased, to recover $518 for money had and received by defendant. Upon the trial leave was granted to amend the complaint to conform to the facts proved, by inserting a count for money paid. The case was tried before Grindeland, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Ole J. Vaule, Wm. P. Murphy,* and *M. A. Brattland,* for appellant.
*A. G. Gray* and *Samuel W. Packard,* for respondent.

[1] Reported in 104 N. W. 765.

JAGGARD, J.

The defendant gave notes, secured by a mortgage, to Janney, Semple & Co. Afterwards on October 8, 1896, at his request, his sister purchased and took an assignment of the notes and mortgage. The notes were canceled and delivered by the sister to defendant, and afterwards, at the request of the defendant, the mortgage was satisfied. One of the notes fell due October 1, and the other November 1, 1894. The sister died March 24, 1901, leaving a will whereby she gave all her property to her husband, the plaintiff. This will was admitted to probate in Michigan, and in Norman county, Minnesota, where the plaintiff was appointed executor. From the allowance of the will in Norman county, an appeal was taken by the father of the deceased, accompanied with a stay bond, in accordance with statute. This action was started by the plaintiff, as executor, while the appeal from the allowance of the will was pending. At the close of the testimony the defendant made a motion to direct a verdict for the defendant, which motion was denied. Thereupon the plaintiff moved. that the court direct a verdict in his favor, which motion was granted. The defendant appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

The first point raised by the assignments of error is upon the pleading. The original complaint contained an informal allegation of money had and received from the deceased sister by the defendant, in the amount of the two notes aforesaid, on October 8, 1896. The answer, in addition to certain counterclaims, set up the pendency of an appeal from an order of the probate court allowing the will as the last testament of the deceased. At the end of the trial the court allowed an amendment of the complaint, so as to set forth a conventional count for moneys paid by the deceased sister for the benefit and at the request of the defendant in the sum of the aforesaid notes. The real purport of the contention of the defendant was that the plaintiff's cause of action was upon the notes and mortgage, which had been assigned to his sister. Inasmuch as the notes were barred by the statute of limitations, there could have been no recovery thereon if the suit had been brought upon them. We are of opinion that the final form of action was correct in itself, and was the proper one to be brought upon this state of facts. That the allowance of the amendment was entirely within the discretion

of the trial court, and that the pleading in this form of the common counts consists with current and approved practice, is obvious.

The only other assignment of error of moment in the case was based upon the want of capacity in the plaintiff to sue, because at the time the action was commenced an appeal from the order allowing the will to probate had been perfected and was then pending. Defendant insists that

> An executor is the creation of the testator, that the appeal suspended or annulled the order appealed from, and that the executor was therefore in the same position as though the order appointing him had never been made.

The language of the statutes does not sustain this view. By section 4665, G. S. 1894, an appeal may be taken to the district court from an order admitting a will to probate, and also from an order appointing an executor. By section 4668 the appellant is required to specify in his notice the "order, judgment or decree" appealed from. By section 4670 it is provided that such appeal shall suspend the operation of the "order, judgment or decree so appealed from," and stay the proceedings until such appeal is determined, etc. A fair construction of these sections results in the rule that an appeal pending from an order of the probate court admitting a will to probate does not affect an order appointing an executor, unless an appeal is also taken from such order. King's Administrator v. Rose, 100 Ky. 393, 38 S. W. 844. The reasonableness of this rule—indeed, its necessity—is apparent. The estate must have some legal representative to care for its interests pending the appeal. The executor already appointed by the court, by an order from which, on this state of facts, no appeal has been taken, is naturally the person to conserve them. If the parties concerned desire to object to him, they have the statutory remedy by application to the probate court for the appointment of a special administrator pending the hearing of their appeal, or other form of objection. G. S. 1894, § 4483.

We have considered the various other errors assigned, and find none of them of sufficient merit to call for special mention, or to justify a reversal of the order of the trial court.

The order appealed from is affirmed.