### FIRST UNITARIAN SOCIETY OF MINNEAPOLIS v. MARY A. HOULISTON.[1]

December 1, 1905.

Nos. 14,481—(80).

**Appeal.**

*Held*, distinguishing Capehart v. Logan, 20 Minn. 395 (442), and Stellmacher v. Bruder, 93 Minn. 98, that the appeal taken by the appellant herein from an order of the probate court allowing the claim of the respondent herein against the estate of a deceased person in part, and disallowing the balance thereof, was from the whole order, and that the district court erred in dismissing the appeal.

**Notice of Appeal.**

A notice of appeal must be liberally construed.

Appeal to the supreme court by First Unitarian Society of Minneapolis from an order of the district court for Hennepin county, John Day Smith, J., dismissing an appeal from an order of the probate court for that county. Reversed.

*S. R. Child,* for appellant.

*Keith, Evans, Thompson & Fairchild* and *Charles V. Smith,* for respondent.

[1] Reported in 105 N. W. 66.

START, C. J.

This is an appeal from an order of the district court of the county of Hennepin dismissing an appeal from an order of the probate court allowing a part of the respondent's claim against the estate of Alma A. Andrus, deceased. The claim of the respondent, Mary A. Houliston, as filed in the probate court, was for the sum of $1,264.50, and that court on August 10, 1904, made and filed its order with reference to the claim, which, so far as here material, was in these words:

> It is therefore ordered that said claim be and the same is hereby allowed in the sum of $880; the sum of $384.50 thereof being hereby disallowed.

Thereupon the appellant here made, served, and filed a notice of appeal from such order. The here material part of the notice reads as follows, namely:

> You will please take notice that the First Unitarian Society of Minneapolis, Minn., residuary legatee in the will, appeals to the district court of the county of Hennepin, state of Minnesota, from that certain order of said probate court made and filed herein on the 10th day of August, 1904, allowing the claim of Mary A. Houliston against the above estate in the sum of eight hundred eighty dollars.

Upon respondent's motion the district court made its order dismissing the appeal, from which the legatee appealed to this court.

It is the contention of the respondent that the notice of appeal is substantially and fatally defective, in that it restricts the appeal to a consideration of the part of the order which allows the respondent $880, and prevents any review of the part of the order which disallows $384.50 of her claim. This contention is based upon the following cases: Capehart v. Logan, 20 Minn. 395 (442); St. Paul Trust Co. v. Kittson, 84 Minn. 493, 87 N. W. 1012; Stellmacher v. Bruder, 93 Minn. 98, 100 N. W. 473. In the first case cited the claim presented to the commissioners was a single claim comprising several items, a part of which were allowed and the others disallowed, and the application of the creditor for an appeal from the report of the commissioners ex-

pressly limited the appeal to the items disallowed. In the second case cited it was held that an appeal from an independent and distinct part of an order allowing the account of an executor was proper. The appeal in the last case cited was by a creditor, a part of whose claim, single in character, was disallowed by the probate court, and he attempted to appeal from that part only of the order which disallowed a portion of his claim, which he could not do under the rule laid down in the case of Capehart v. Logan.

There was, however, in the case at bar, but one order in reference to the claim, and it was in substance and in form in accordance with the statute (G. S. 1894, § 4517), which provides that:

> Upon the allowance or disallowance of any claim the court shall make its order allowing or disallowing the same. The order shall contain the date of allowance and the amount allowed, the amount disallowed, and be attached to the claim with the offsets, if any.

That is, an order allowing the whole of a claim or a part thereof must state the amount allowed, and, if a part is disallowed, the amount thereof must also be stated. There is only one order in any event, and although a part of the claim may be disallowed the order is nevertheless an order allowing a claim. Now it is to be noted in this case that the notice of appeal did not expressly or impliedly limit a review of the order to the amount of the claim allowed, as was done in the cases relied upon by respondent; for it states that the legatee appeals from the order made and filed by the probate court on August 10, 1894, allowing the claim of the creditor in the sum of $880. It is true that it does not further identify the order, by adding the words "and disallowing $384.50 thereof"; but it cannot be fairly implied from this omission that the appeal was not taken from the whole order, for there was but one order, which was an order allowing the claim of Mary Houliston. A notice of appeal must be liberally construed. Town of Haven v. Orton, 37 Minn. 445, 35 N. W. 264; Anderson v. County of Meeker, 46 Minn. 237, 48 N. W. 1022; 2 Enc. Pl. & Pr. 216.

The notice in question may be fairly construed as an appeal from the whole order, and we so construe it. This distinguishes this case from Capehart v. Logan and Stellmacher v. Bruder, supra. We therefore

hold that the notice of appeal in this case was sufficient to bring before the district court the whole subject-matter of the order appealed from, and that the trial court erred in dismissing the appeal.

Order reversed.