## IN RE ESTATE OF MOLLY PARCKER.
## SARAH R. GENSLER, APPELLANT; RASEL AND SIMON BERCOWITZ, CLAIMANTS.[1]

April 2, 1931.

No. 28,370.

*Sarah R. Gensler Schwartz* and *Marshall S. Snyder,* for appellant.
*S. Friedman,* for respondents.

STONE, J.

Aggrieved by the decision of the probate court of Hennepin county settling her final account as administratrix, Sarah R. Gensler appealed to the district court, where her appeal was dismissed. From the resulting judgment she appeals to this court. Respondents Bercowitz are the holders of allowed claims against the estate, which we infer will absorb the whole residue.

The decision in the probate court was by a referee appointed pursuant to L. 1929, p. 331, c. 271. By § 5, a referee's "rulings and decisions may be reviewed in the same manner and not otherwise as the rulings and decisions of the court. The decision of the referee in the trial and determination of the whole cause or any

[1]Reported in 236 N. W. 206.

issue shall stand as the decision of the court." That statute automatically makes the decision of the referee that of the court and appealable as such. (G. S. 1923 [2 Mason, 1927] § 8983.) There is no provision in the law for a consideration and the confirmation, rejection, or modification of the referee's report or decision by the court. No question has been made as to the constitutionality of such a delegation of judicial power.

■ The notice of appeal is as follows:

"Notice is hereby given, that Sarah R. Gensler, administratrix of the above named estate, being aggrieved by the order of Honorable James G. Kehoe, referee of the probate court of the county of Hennepin, Minnesota, on the 22nd day of March, A. D. 1930, disallowing certain items of expense contained in the supplemental final account, and allowing certain items of interest, in favor of Claimants, hereby appeals therefrom to the District Court of the fourth judicial district in and for said County of Hennepin, Minnesota."

The attack upon the notice is put upon the ground that the attempt is to appeal only from that portion of the decision unfavorable to appellant and so ineffectual within the rule of Capehart v. Logan, 20 Minn. 395 (442) ; and Stellmacher v. Bruder, 93 Minn. 98, 100 N. W. 473. (See also St. Paul Tr. Co. v. Kittson, 84 Minn. 493, 87 N. W. 1012.) In that we cannot agree. The criticized phrase in the notice is this: "Disallowing certain items of expense contained in the supplemental final account, and allowing certain items of interest." It does not require a too liberal construction of that language, in application to its subject matter, to require the conclusion that it has no restrictive or limiting effect on the appeal but was intended only as descriptive of the order. After so defining the latter, the notice proceeds to the effect that the appellant "hereby appeals therefrom." That means of course that she was appealing from the whole order, and so is beyond the reach of the rule invoked by respondents. The language was not happily chosen but, in our opinion, is not subject fairly to the construction put on it below.

Judgment reversed.