## IN RE ESTATE OF JOHN H. DEVENNEY.
## AETNA LIFE INSURANCE COMPANY v. MARY ANN CAIRNEY AND OTHERS.[1]

July 13, 1934.

No. 29,864.

[1]Reported in 256 N. W. 104.

266

*W. A. McManigal, Jr., Stinchfield, Mackall, Crounse, McNally & Moore,* and *John M. Palmer,* for appellant.

*T. J. Mangan,* for respondents Mary Ann Cairney and Farmers & Merchants State Bank of Donnelly.

*Harry Phinney,* for respondent George W. Beise, administrator.

*F. C. Anderson,* for respondent Mike Satzer.

*DEVANEY, Chief Justice.*

Appeal from a judgment of the district court dismissing an appeal taken from the probate court. The only question is whether the appellant, in attempting to perfect its appeal from the probate court to the district court, proceeded according to the statutory method

for so doing and in such manner as to confer jurisdiction upon the district court.

■ At the outset we are met with a motion in this court by appellant to strike (1) a supplemental record submitted by respondents and (2) certain affidavits attached to respondents' brief and purporting to show lack of service upon respondents. Respondents contend that the record as printed by appellant is insufficient in that it does not contain all of the matters which were before the district court upon the motion to dismiss the appeal and that the affidavits in question are necessary to show lack of service. Because the material in the supplemental record does not affect materially the decision herein, we will assume without deciding the question one way or the other that the supplemental record properly was submitted and that this court is entitled to consider the material therein contained. But we must grant appellant's motion to strike the affidavits attached to and made a part of respondents' brief. It is fundamental that appeals to this court for the most part are not *de novo*. Certainly this appeal is not *de novo*. Hence the only function of this court in this case is to review the proceedings below. It does not appear from the record or otherwise that these affidavits (or even the subject matter therein contained) were presented to the trial court when the motion to dismiss the appeal was heard. It follows that the same are irrelevant here and should not be considered by this court.

■ It appears that the Aetna Life Insurance Company had claims against the estate of John H. Devenney, deceased, aggregating approximately $20,000. On petition the probate court allowed the claims in part and disallowed them in part. From that order the Aetna Life Insurance Company appealed to the district court. The district court was of the opinion that the appeal had not been properly perfected and hence that it lacked jurisdiction to determine the matter on the merits. The court's order dismissing the appeal was based upon the following four grounds:

(1) The notice of appeal was improper.

(2) The bond was insufficient.

(3)  The statutory requirements relative to appeals were not met.

(4)  The appeal was not taken within the statutory time.

These four points present the issues of the case.

(1)  We think the notice of appeal was sufficient. 2 Mason Minn. St. 1927, § 8985, requires:

"The appellant shall serve a written notice upon the adverse party,  *  *  *.  Such notice shall specify the order, judgment, or decree, or such part thereof as is appealed from, be signed by the appellant or his attorney, and be served in the same manner as notices in civil actions, and, together with proof of service thereof, be filed in the probate court."

The notice of appeal here was as follows:

"NOTICE OF APPEAL TO DISTRICT COURT.

"To George W. Beise, administrator of said estate, Morris, Minnesota; Harry Phinney, attorney for administrator; T. J. Mangan, attorney for creditors; F. C. Anderson, attorney for creditor:

"Take notice, that the Aetna Life Insurance Company appeals to the District Court for Stevens County, Minnesota, from the order made herein on December 22, 1932, on the claim of the Aetna Life Insurance Company, a corporation, being claim No. 21 of the Probate Court records and proceedings, allowing said claim in part and disallowing said claim in part, by said Probate Court.

"Dated this 17th day of January, 1933.

"W. A. McManigal, Jr.,

"Attorney for Aetna Life Insurance Co."

The objection is that it is impossible to determine whether the appeal is from the whole order, from that part of the order favoring appellant, or from that part adverse to it.  Clearly the appeal is from the entire order, the phrase "allowing said claim in part and disallowing said claim in part" being merely descriptive of the order on claim No. 21.  By a more discriminate selection of words a better notice might have been drafted.  But, in the final analysis, this court is not dealing with niceties.  To uphold the rule contended for by respondents would be to impose a burden on practicing

attorneys that does not now rest on them. We do not believe that this court should look with favor upon objections which reach only the form of the notice and not its substance. This notice should be liberally construed as pleadings in general are liberally construed by this court. The notice is sufficient. See In re Estate of Parcker, 183 Minn. 191, 192, 236 N. W. 206; First Unitarian Society v. Houliston, 96 Minn. 342, 343, 105 N. W. 66, where similarly worded notices were held sufficient.

(2) The bond appears in all respects to be sufficient. The court in its order did not state in what way the bond was insufficient, nor do respondents in their brief even mention the bond or attempt to point out any defects therein. It was technically an undertaking and not a bond, but 2 Mason Minn. St. 1927, § 9692, specifically authorizes an appellant from probate court to post an undertaking in lieu of a bond. See In re Brown, 35 Minn. 307, 29 N. W. 131. This objection clearly is groundless.

(3) All the requirements of the statutes relevant to appeals were met by appellant. Respondents' main contention in this respect is that neither they nor their attorney properly were served with notice of appeal. In this contention respondents must fail. Passing the question as to whether the sheriff personally served respondents' attorney, we think it sufficiently appears that notice of appeal was served on him by mail. The record shows that W. A. McManigal, attorney for appellant, Aetna Life Insurance Company, mailed a notice of appeal to respondents' attorney on January 17, 1933. Though this was not good service under 2 Mason Minn. St. 1927, § 9242, for various reasons, yet if notice actually was received by respondents' attorney within the time allowed it is the equivalent of personal service. See Van Aernam v. Winslow, 37 Minn. 514, 516, 35 N. W. 381; Hoff v. N. W. Elev. Co. 120 Minn. 224, 226, 139 N. W. 153; In re Estate of Bridgham, 158 Minn. 467, 469, 197 N. W. 847. In the absence of proof to the contrary, it is presumed that mail properly addressed and posted, with postage prepaid, is duly received by the addressee. Melby v. D. M. Osborne & Co. 33 Minn. 492, 495, 24 N. W. 253; In re Estate of Nelson, 180 Minn. 570, 231 N. W. 218; see Outcault Adv. Co. v. Farmers & M. State Bank,

151 Minn. 500, 501, 187 N. W. 514. Mr. McManigal's affidavit states that the notice was inclosed in an envelope addressed to respondents' attorney at his regular post office address; that proper postage was on the envelope; that a return address was clearly written on the outside of the envelope; and that as of the 21st of January, 1933 (four days after mailing), affiant had received no return of the envelope or its contents. The law in a case such as this is well stated in In re Estate of Nelson, 180 Minn. 570, 231 N. W. 218. The court judicially knows that mail ordinarily would be received at Morris, Minnesota, one day after it was deposited in St. Paul, Minnesota. Nothing in either the record or the supplemental record controverts the above facts or attempts to show that respondents' attorney did not receive this notice. Hence the presumption that he duly received the notice of appeal is unrebutted. Attached to respondents' brief are affidavits to the effect that respondents' attorney never received this mailed notice. As previously pointed out, this court will not consider such affidavits. This court considers only matters in the record. The proper place to have submitted such affidavits was to the lower court for its consideration.

(4) The appeal was timely. 2 Mason Minn. St. 1927, § 8985, provides:

"No appeal shall be effectual for any purpose unless the following requisites are complied with by the appellant within thirty days after notice of the order, judgment, or decree appealed from. * * * But no appeal from an order, judgment, or decree shall be taken after six months from the entry thereof."

The order of the probate court appealed from was entered December 22, 1932. Neither the record nor the supplemental record shows that respondents ever served appellant, Aetna Life Insurance Company, with notice of entry of this order. Since none was served, appellant had six months in which to appeal. A party to a proceeding before the probate court must serve the adverse party with notice of entry of an order or decree to start running the 30-day period within which such adverse party may appeal. In the absence of such notice, the adverse party has six months. Here the appeal

was perfected not later than January 23, 1933, not only within six months but within a much shorter time. The situation of the case at bar is controlled by the following language from Knutsen v. Krook, 111 Minn. 352, 355, 127 N. W. 11, 12, 20 Ann. Cas. 852:

"It will be noted that the statutes require the service and filing of notice of appeal [from the probate court] within 30 days after *notice* of the order or judgment appealed from. The record in the case at bar is silent with respect to whether formal notice was ever given of the order or decree here appealed from, or that the appellants had other notice thereof until about the time they perfected their appeal. In this condition of the record, the trial court properly held that it did not appear that the appeals were not perfected in time. In order to justify a dismissal on the ground that an appeal was not taken within the time allowed therefor, it should affirmatively be shown to have been taken after the time limited by law, and the burden of showing the fact is upon the party moving to dismiss."

The case will go back for a trial on the merits, thereby giving appellant his day in court and taking nothing away from respondents.

The questions as to whether a proper proof of claim was filed in the probate court and as to whether a copy of the notice of appeal was delivered to the probate judge for the benefit of nonappearing parties were not raised in the lower court. Consequently they cannot be raised here.

In our opinion the appeal was in all respects properly perfected, and the judgment must be reversed.

*STONE, Justice,* took no part.