KELLY *v.* LIQUOR CONTROL COMMISSION.

1. Intoxicating Liquors — Licensing of Drivers and Helpers — Reasonable Fees.

Pursuant to authority conferred upon liquor control commission by Constitution and statute it has power to require registration with it of drivers and helpers of breweries, wineries, distilleries and wholesalers and charge a reasonable fee ($1) to defray partially the expense of such registration (Const. 1908, art. 16, § 11, as amended, Act No. 8, § 7, Pub. Acts 1933 [Ex. Sess.]).

2. Costs—Public Question.

No costs are allowed in mandamus proceeding to determine liquor control commission's power to require registration of drivers and helpers, a public question being involved (Const. 1908, art. 16, § 11, as amended, Act No. 8, § 7, Pub. Acts 1933 [Ex. Sess.]).

Mandamus by Harry J. Kelly and others to compel Liquor Control Commission of the State of Michigan to vacate an order requiring licensing of brewery drivers and helpers and to make restitution for fees paid thereunder. Submitted April 20, 1937. (Calendar No. 39,079.) Writ denied June 29, 1937.

*Patrick H. O'Brien,* for plaintiffs.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd* and *Andrew DeMaggio,* Assistants Attorney General, for defendant.

Chandler, J. Plaintiffs filed a petition for a writ of mandamus to compel defendant to vacate its

,order, rule or regulation requiring the licensing of brewery drivers and helpers, to cancel such licenses previously issued and pending applications therefor, and to make restitution of fees collected under said order, rule, or regulation. An order to show cause was issued and upon defendant's return and plaintiffs' reply thereto, the following concise statement of agreed facts appeared:

"The liquor control commission on January 29, 1936, passed and adopted the following rule:

" 'Moved by Commissioner Gormely, seconded by Commissioner Gorman,

" 'That all salesmen, sales representatives, and sales promoters, of beverage alcoholic liquor sold or offered for sale in the State of Michigan by manufacturers, wholesalers, or importers to duly authorized licensees of the liquor control commission, be required to register with and procure a license from the commission under such terms, conditions and requirements as the commission may from time to time establish or require. The license shall be renewable annually on the 1st day of May of each year.

" 'Licensees are hereby prohibited from purchasing alcoholic liquors from any but a duly registered and licensed salesman as provided herein; and to do so will be cause for suspension or revocation of the license of such licensee in the discretion of the commission.'

"The plaintiffs, Kelly, Armstrong and Dubrul, are brewery truck drivers and helpers. In addition to making deliveries with their trucks, part of their work is to take orders from customers for beer manufactured by their employers and deliver the same. The Brewery Drivers' and Helpers' Local No. 38 is a voluntary labor union of which the plaintiffs Kelly, Armstrong and Dubrul are members.

"Plaintiffs contend that this rule is invalid and that the liquor control commission had no authority under the Constitution and statutes of the State of Michigan to pass and adopt said rule. The plaintiffs were required to obtain salesmen licenses under protest and they ask that all license fees paid therefor be returned to them. Plaintiffs also claim that they are not salesmen, sales representatives or sales promoters within the meaning of the rule.

"The liquor control commission avers that the rule is valid and enforceable against the plaintiffs."

Subsequent to the institution of these proceedings the defendant, on July 8, 1936, passed and adopted the following:

"Moved by Commissioner Gorman and supported by Commissioner Gormely:
"That registration fees for licensed drivers and helpers of breweries, wineries, distilleries and wholesalers be reduced from $5 to $1 effective May 1, 1936, and that a refund be made to each applicant of the above classification. It is understood that this does not apply to salesmen, sales representatives, or sales promoters."

It appears that defendant has refunded four dollars of the amount paid under the resolution of January 29, 1936, to all those who are purely truck drivers and helpers.

The liquor control commission was established by authority of Const. 1908, art. 16, § 11, as amended. Pursuant to the authority thus conferred the legislature enacted Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended. Section 7 of said Act provides:

"The commission shall adopt rules and regulations governing the carrying out of this act and supplemental thereto."

It may be stated that we believe that defendant's resolution of July 8, 1936, does not require that plaintiffs make application for and secure a license but merely requires them to make application for registration. In our opinion defendant has the power to require such registration under the authority conferred by section 7, granting the authority to make rules and regulations, and may impose a reasonable fee to defray partially the expense of such

registration. It is not claimed that the fee of one dollar levied in the instant case is excessive or unreasonable.

The writ is denied. No costs will be allowed as a public question is involved.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Potter, JJ., concurred.