[1] Reported in 273 N.W. 364.
This is an appeal from an order of the district court dismissing an appeal from probate court. The question presented for determination is whether or not service of the notice of appeal to the district court from the probate court comes within the prohibition *Page 56 
of 2 Mason Minn. St. 1927, § 10933 (6), which prohibits the service of process upon election day.
The notice of appeal from the probate court was served upon the attorney for respondent on election day, November 3, 1936. Service was admitted at respondent's attorney's office, apparently by a clerk or stenographer. The following day appellant's attorney spoke with respondent's attorney on the telephone and called his attention to the fact that the notice had been served on a legal holiday and asked whether he should serve the notice again. According to the affidavit of appellant's attorney in the record, respondent's attorney stated that service had been admitted on the notice and the accompanying appeal bond, and he agreed not to object to the service. Appellant's attorney made no attempt to remedy the situation although the time for taking the appeal had eight or nine days to run, and after the time for appeal had expired respondent moved the district court to dismiss the appeal. The motion was granted.
Is a notice of appeal process within the meaning of the provisions of the sections above cited? The sections of the statutes here pertinent are set forth in the margin.[2] *Page 57 
The right of appeal from district court to the supreme court is constitutional; Ross v. Evans, 30 Minn. 206, 14 N.W. 897; the method of appeal is statutory. The appellate jurisdiction of the district court, on the other hand, is statutory since our constitution provides that the district courts have "such appellate jurisdiction as may be prescribed by law." Minn. Const. art. 6, § 5. It is evident, therefore, that probate appeals to district court, both as to mode and right, are statutory. Lipman v. Bechhoefer, 141 Minn. 131, 137,169 N.W. 536. The legislature might, without violating the due process clause of the constitution, provide that filing a notice of appeal with the clerk, without service on the adverse party, would be sufficient to perfect an appeal to the district court from the probate court. In re Estate of McPhee, 154 Cal. 385,390, 97 P. 878, 880. In that case it was said of a statute that so provided:
"It is next insisted that the act violates section 13 of article I [Cal. Const.], relating to 'due process of law,' because it does not require that the notice of appeal shall be served on him so that he may have his day in court. But this constitutional provision has no application as to notices of appeal. * * * Before any appeal is taken the court has already acquired jurisdiction in the action over the parties by original process and the appeal is but a proceeding in the cause after that jurisdiction has attached. What the method and procedure in taking an appeal shall be is a matter for determination by the legislature, and that it can prescribe, in the exercise of its plenary power over the subject, for taking an appeal without any service of the notice thereof is so clear as to admit of no doubt. * * * Whether service of the notice shall or shall not be made is its province to determine and no constitutional right of respondent is invaded because it is declared that such service need not be made. The purpose of service could only be to give the respondent actual notice that an appeal had been taken. But as he is constructively in court during the pendency of the action, it was no violation of the constitutional provision to require him to take notice of any such appeal as part of the proceedings in the case." (Italics supplied.) *Page 58 
In this state, as in California, it is held that an appeal is a continuation of the original action. Kells v. Nelson-Tenney Lbr. Co. 74 Minn. 8, 76 N.W. 790; State ex rel. City of Duluth v. N. P. Ry. Co. 99 Minn. 280, 109 N.W. 238, 110 N.W. 975.
A notice of appeal is nothing more than actual notice that an appeal has been taken, and as such it cannot be process within the meaning of § 10933(6). It is readily apparent, from the italicized provision of § 9240, that the legislature recognized the distinction between "process" and the notices therein referred to. Since a notice of appeal requires no action on the part of the adverse party, we think that service of it can no more interfere with the quiet enjoyment of the holiday than the delivery of a newspaper containing a published summons. See Malmgren v. Phinney, 50 Minn. 457, 463, 52 N.W. 915,18 L.R.A. 753.
Since this disposes of the question, we do not consider the question of waiver or estoppel presented by the briefs.
The order appealed from is reversed and the appeal from the probate court reinstated.
[2] "§ 9240. Where a party who has appeared resides out of the state and has no attorney in the action, the service of notices and other papers may be made by mail if his residence is known; if not known, on the clerk for him. But where a party, whether resident or non-resident, has an attorney in the action, service shall be made upon the attorney instead of the party. * * * Provided, that this section shall not apply to the serviceof a simmons or any process, * * *."
 "§ 9242. Service by mail shall be made by depositing a copy of the paper to be served in the postoffice, addressed to the person on whom service is to be made at his place of residence, with the postage prepaid. Such service may be made whenever the person serving the paper and the person to be served reside in different places, between which there is regular communication by mail. * * *"
 "§ 10933(6). Holidays — The word 'holiday' shall include * * * election day, the first Tuesday after the first Monday in November of the even numbered years; * * *. No public business shall be transacted on those days, except in cases of necessity, nor shall any civil process be served thereon."