[1] Reported in 289 N.W. 66.
Jared Burton, to whom we shall hereafter refer as plaintiff, appeals from an order denying his blended motion for amended findings or a new trial.
His father, David Burton, a long-time resident of Traverse county, died testate a resident thereof on March 4, 1937, survived by his son, said Jared, a daughter, Grace Berg, and his granddaughter, Dorothy Palmer Jerrel, who will hereafter be designated as defendant, the present controversy being between Jared and the granddaughter. Dorothy is the only child of decedent's daughter Jessie, who had predeceased him. Decedent's will made no provision for the granddaughter. In proceedings thereafter had in the probate court of Traverse county defendant filed objections to the allowance of the will. On April 6, 1937, the day before the hearing on the admission of the will, a settlement was reached under the terms of which Jared, Grace, and Dorothy agreed that the objections to the will should be withdrawn and that the decedent's residuary estate should be divided amongst them upon terms therein stated. Before the agreement was signed plaintiff was asked whether he had any claims or bills of any kind against his father's estate. He said he did not. The daughter, Grace, and defendant "relied upon such statement in signing said settlement agreement." On July 9, 1937, plaintiff filed his verified claim against his father's estate, basing the same upon a check issued by decedent payable to plaintiff and bearing date September 14, 1928. The check was delivered on September 16 or 17 of that year. Plaintiff promptly endorsed it and presented it for *Page 518 
payment on the drawee bank. It was not paid for want of funds. Repeated presentments having later been made with the same result, plaintiff kept the check. It has not been paid. The hearing before the probate court on this claim took place at the appointed time, July 14, 1937. Defendant resisted its allowance and, being unsuccessful, appealed to the district court. That court dismissed the appeal. Defendant then appealed to this court, and we reversed, holding that defendant had an interest in the residue of decedent's estate and as such was aggrieved by the order allowing the claim. The case is reported in In re Estate of Burton, 203 Minn. 275, 281 N.W. 1. Upon the going down of the remittitur the case was tried on the merits. The court found the facts as we have outlined them above and, in addition, that plaintiff's cause of action based upon the check "did not accrue within six years prior to the death of said decedent, David Burton, and that the same was barred by the statute of limitations" during his lifetime. As a result the order of the probate court was reversed and that court was directed "to proceed in conformity with this decision and judgment." That constitutes the basis for the order here for review.
1. Under our probate code only claims arising on contract are determinable by the probate court in administering estates of decedents. 3 Mason Minn. St. 1938 Supp. § 8992-101. This has long been the law. Comstock v. Matthews, 55 Minn. 111,56 N.W. 583. The probate court by virtue of the mentioned statute has jurisdiction to determine the allowance or disallowance of "all claims against a decedent arising upon contract, whether due or not due." And unless filed within the time fixed by that court, or as extended "for cause shown and upon notice to the representative," they (the claims) "shall be barred forever."
2. The right of appeal from orders and decisions of the probate court to the district court and to a trial there denovo is purely statutory, not constitutional. In re Estate of Slimmer, 141 Minn. 131, 137, 169 N.W. 536; In re Estate of Dahmen, 200 Minn. 55, 57, 273 N.W. 364. *Page 519 
3. On appeal it is the duty of the district court to render such judgment as the probate court ought to have rendered, but its jurisdiction is appellate, not original. Its "jurisdiction is necessarily limited to those matters of which the probate court had jurisdiction." Hause v. O'Leary, 136 Minn. 126, 132,161 N.W. 392, 395. Other cases on this phase are found in 5 Dunnell, Minn. Dig. (2 ed. Supps.) § 7795, note 93.
4. The claim filed in probate court was based upon the check. To avoid the bar of the statute of limitations, apparent upon the face of the proof of claim, plaintiff sought its avoidance by pleading that over a period of more than three years the drawer had not been a resident of the state. When the case was tried on appeal, plaintiff by his pleading again asserted "that for a period of more than three years after the execution of said check said David Burton departed from and remained absent from the state of Minnesota and resided away from and outside of said state." But his claim in respect to decedent's absence from the state so as thereby to toll the running of the statute apparently now has been abandoned. Instead, his present claim seems to be that the check "was a gift" and that "said check" never having been paid the amount of money represented by it became a trust fund as to which the six-year statute does not apply. His gift-trust theory is based upon the fact that at or some time prior to the date of this check decedent had given to defendant and to Grace Berg, each, a check for a similar amount, and these were paid; that the entire fund out of which these checks were paid and plaintiff's to be paid represents money received by decedent for some timberland theretofore sold by him. But there is neither pleading nor proof to establish any trust or special fund set aside by decedent for any such purpose or that he ever intended the creation of such a fund. All that can be inferred from this record is that decedent intended to give plaintiff the amount of money represented by the check, thereby equalizing his gifts to all three.
Obviously, too, this is not an express trust, as these "are created by contracts and agreements which directly and expressly point *Page 520 
out the persons, property, and purposes of the trust." 6 Dunnell, Minn. Dig. (2 ed.) § 9877; Wilson v. Welles, 79 Minn. 53,55, 81 N.W. 549.
5. Even if the issuance and delivery of this check were to be considered as creating an implied trust (which it is not), this would not help plaintiff, for our cases uniformly hold that the statute of limitations begins to run from the time the act was done by which the party became chargeable as such trustee; in other words, "from the time when the cestui que trust could have enforced his right by action." 4 Dunnell, Minn. Dig. (2 ed. 1932 Supp.) § 5653, and cases under note 41. And this must necessarily be so for if the statute were not to be made operative where such trust exists the exceptions would be, for practical purposes, endless. Stillwater St. P. R. Co. v. City of Stillwater, 66 Minn. 176, 68 N.W. 836; Weston v. Jones,160 Minn. 32, 199 N.W. 431; Williams v. Davis, 182 Minn. 186, 191,234 N.W. 11.
As neither concealment nor fraud is involved, plaintiff's cause does not fall within 2 Mason Minn. St. 1927, § 9191(6). Under subd. 7 of that section plaintiff runs up against the six-year limitation.
6. As we have seen, the jurisdiction of the probate court was limited to the particular contract evidenced by the check. Its jurisdiction was invoked for the establishment of liability against the estate upon that basis only. The statute of limitations has run against its enforcement. Upon this record no theory has been advanced whereby recovery by plaintiff may be had. That ends his case on the merits; hence we need not discuss other assignments of error.
Order affirmed. *Page 521