IN RE ESTATE OF JOSEPH NUNVAR, ALSO KNOWN AS JOSEPH NUNVER.
ANNA C. RIENER AND ANOTHER v. FIRST NATIONAL BANK OF MINNEAPOLIS, ADMINISTRATOR C.T.A. AND SPECIAL ADMINISTRATOR.

101 N. W. (2d) 145.

February 11, 1960—No. 37,856.

*Richard E. Kyle, B. C. Hart, Francis X. Buchmeier,* and *Briggs, Gilbert, Morton, Kyle & Macartney,* for appellants.

*Joseph L. Nathanson* and *Andrew Horkey,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from a judgment of the District Court of Hennepin County dismissing an appeal from the probate court of that county to the district court.

On April 14, 1958, the Probate Court of Hennepin County made an order entitled "ORDER ADMITTING WILL; ORDER DENYING AP-POINTMENT OF EXECUTRICES' and ORDER APPOINTING ADMINISTRATOR C.T.A.," admitting the will of Joseph Nunvar to probate, and thereafter in the same instrument, but by a separate paragraph, the probate court denied the application of the executrices named in the will that they be appointed representatives of the estate and, instead, appointed First National Bank of Minneapolis administrator c.t.a. The pertinent portions of the court's order read:

"THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED, as follows:

"That said instrument hereto annexed, bearing date December 11, 1951, is the duly proven will of the deceased, and that the same is hereby established, allowed and admitted to probate as such will, and that the instrument hereto annexed is hereby certified to be such duly proven and admitted will.

"That the application of Anna C. Riener and Isabella M. Budewitz for their appointment as executrices of said will, is hereby denied, and that the First National Bank of Minneapolis, Minnesota, is hereby appointed the administrator C.T.A. of said estate, and that Letters of Administration C.T.A. issue to it upon its filing in this Court its acceptance of said trust, as required by law."

The named executrices thereafter served a notice of appeal from said order to the district court, which reads as follows:

"Notice is Hereby Given, That Anna C. Riener and Isabella M. Budewitz being aggrieved by the order of James G. Kehoe, Judge of the Probate Court of the County of Hennepin, Minnesota, on the 14th day of April, A. D. 1958, denying appointment of executrices and appointing First National Bank of Minneapolis administrator c.t.a., hereby appeals therefrom to the District Court of the Fourth Judicial District, in and for said County of Hennepin.

"Dated the 26th day of April, A. D. 1958."

On motion of First National Bank of Minneapolis, that appeal was dismissed on the ground that it was an attempt to appeal from only a part of the order of the probate court.

The only question presented here is whether the notice of appeal was sufficient to perfect an appeal to the district court.

The applicable statutes are M. S. A. 525.71, which, as far as material here, reads:

"An appeal to the district court may be taken from any of the following orders, judgments, and decrees of the probate court:

"(1)    An order admitting, or refusing to admit, a will to probate;

"(2)    An order appointing, or refusing to appoint, or removing, or refusing to remove, a representative other than a special administrator or special guardian;"

and that portion of § 525.712 which reads:

"Such appeal may be taken by any person aggrieved within 30 days after service of notice of the filing of the order, judgment, or decree appealed from, or if no such notice be served, within six months after the filing of such order, judgment, or decree. To render the appeal ef-

fective (1), the appellant shall serve a notice of appeal, specifying the order, judgment, or decree appealed from upon the adverse party who appeared or upon his attorney, personally, and upon each adverse party of record who did not appear by mail at his last address as the same appears in the court's file of the case and upon the probate judge or clerk, personally, for the adverse party who did not appear and whose address is unknown and shall file in the probate court such notice, together with proof of service thereof; * * *."

■ The right of appeal from probate court to district court is purely statutory.[1]

■ The legislature having provided that an appeal may be taken from either an order admitting or refusing to admit a will to probate or an order appointing or refusing to appoint a representative, the court may not require that an appeal be taken from both to be effective.

■ A notice of appeal from probate court to district court is nothing more than actual notice that an appeal has been taken. It is not process.[2] It is to be liberally construed.[3]

■ The order of the probate court admitting or refusing to admit a will to probate and the order appointing or refusing to appoint a representative are two separate and distinct acts of the probate court. Neither is dependent upon the other. The two orders could be made by separate instruments,[4] or they could be embodied in one paper.[5]

---

[1]In re Estate of Slimmer, 141 Minn. 131, 169 N. W. 536; In re Estate of Dahmen, 200 Minn. 55, 273 N. W. 364; In re Estate of Burton, 206 Minn. 516, 289 N. W. 66.

[2]In re Estate of Dahmen, 200 Minn. 55, 273 N. W. 364.

[3]Riley v. Mitchell, 38 Minn. 9, 35 N. W. 472; First Unitarian Society v. Houliston, 96 Minn. 342, 105 N. W. 66; In re Estate of Osbon, 179 Minn. 133, 228 N. W. 551; In re Estate of Parcker, 183 Minn. 191, 236 N. W. 206; In re Estate of Dahn, 203 Minn. 19, 279 N. W. 715; see, In re Estate of Van Sloun, 199 Minn. 434, 272 N. W. 261.

[4]See Form 3022, adopted by probate judges pursuant to M. S. A. 525.06, for admitting will to probate where no mention is made of the appointment of a representative. 2 Mason's Dunnell, Minn. Probate Law (2 ed.) p. 1064.

[5]See Form 3028 for order admitting will to probate and appointing

Whether one or two papers are used, the action of the probate court constitutes two separate orders. The legislature has provided that an appeal may be taken from either order. Obviously, appeals may also be taken from both, but there is no good reason why a party desiring to contest the action of the court in appointing or refusing to appoint a named executor should also be compelled to litigate the validity of the will when he has no objection to the will as such. Where an appeal is taken from only one of such orders, the notice of appeal need not refer to the other. Reference to the order from which the appeal is taken is sufficient compliance with § 525.712.

In Foster v. Gordon, 96 Minn. 142, 104 N. W. 765, defendant contended that plaintiff, who had been appointed executor under a will, lacked capacity to sue on a claim for the reason that at the time the action was commenced an appeal from the order allowing the will to probate had been perfected and was then pending. In rejecting this contention, we said (96 Minn. 144, 104 N. W. 766):

"The language of the statutes does not sustain this view. By section 4665, G. S. 1894,[6] an appeal may be taken to the district court from an order admitting a will to probate, and also from an order appointing an executor. By section 4668 the appellant is required to specify in his notice the 'order, judgment or decree' appealed from. By section 4670 it is provided that such appeal shall suspend the operation of the 'order, judgment or decree so appealed from,' and stay the proceedings until such appeal is determined, etc. A fair construction of these sections results in the rule that an appeal pending from an order of the probate court admitting a will to probate does not affect an order appointing an executor, unless an appeal is also taken from such order."

Clearly, if an order appointing an executor is not affected by any appeal from an order admitting a will to probate, the converse also is

---

executor or administrator with will annexed where the two orders are embodied in one instrument. 2 Mason's Dunnell, Minn. Probate Law (2 ed.) p. 1070.

[6]The pertinent portion of G. S. 1894, § 4665, is the same as M. S. A. 525.71.

true, and it must be held that an appeal from an order appointing or refusing to appoint a named executor does not affect an order admitting a will to probate. That being so, we fail to see why the order from which no appeal is taken must be mentioned in the notice of appeal.

Respondent relies on Capehart v. Logan, 20 Minn. 395 (442); St. Paul Trust Co. v. Kittson, 84 Minn. 493, 87 N. W. 1012; Stellmacher v. Bruder, 93 Minn. 98, 100 N. W. 473; and First Unitarian Society v. Houliston, 96 Minn. 342, 105 N. W. 66.

In the Capehart case we held that where the probate court allows a part and disallows a part of a claim, single in character although consisting of several items, an appeal must be taken from the decision of the court on the claim as originally presented and that it is defective and does not confer jurisdiction if confined to the portion disallowing some of the items.

That decision was followed in Stellmacher v. Bruder, *supra.* It was distinguished in St. Paul Trust Co. v. Kittson, *supra,* and First Unitarian Society v. Houliston, *supra.* In the latter two cases the notice of appeal was held to be sufficient.[7]

In In re Estate of Mikkelson, 178 Minn. 601, 228 N. W. 174, we held that a notice which referred to a decree of the probate court of a wrong county was fatally defective.

None of these cases reached the question now before us. They do not involve the part of the appeal statute here involved. Here, we have two separate orders contained within the same sheet of paper. The legislature has provided that an appeal may be taken from either of these orders. Respondent would have us hold that an appeal, to be effective, must be from both orders. The appeal statute does not so read. The notice of appeal was sufficient to comply with § 525.712 in that it referred to the order from which the appeal was being taken. The trial court incorrectly dismissed the appeal.

Reversed.

---

[7]For other notices held to be sufficient, see In re Estate of Devenney, 192 Minn. 265, 256 N. W. 104; In re Estate of Parcker, 183 Minn. 191, 236 N. W. 206.